## THE STATE OF OHIO v. RITZLER ET AL.

*Criminal law—Sabbath desecration—Moving pictures—Prosecution by information in probate court—Section 13049, General Code—Affidavit by prosecuting attorney—Section 13443, General Code.*

1. A violation of Section 13049, General Code, may be prosecuted by information in the probate court, the term "complaint" contained in that section being generic, and inclusive of the word "information."

2. The affidavit required by Section 13443, General Code, may be made by the prosecuting attorney who files the information, there being no disqualification of such officer in that respect, either by statutory provision or other public policy.

(Decided February 8, 1923.)

ERROR: Court of Appeals for Seneca county.

*Mr. John L. Lott* and *Mr. Charles E. Derr*, for plaintiff in error.

*Mr. Frank T. Dore; Messrs. Niles & Peters* and *Mr. R. L. DeRan*, for defendant in error.

CROW, J. By this proceeding in error three substantial questions of law are presented for reversal of the judgment:

1. Whether Section 13049, General Code, embraces a moving-picture exhibition such as the one in controversy here.

This point having been directly decided in the affirmative by the Courts of Appeals of three of the districts of the state this court feels bound by those decisions, and therefore holds that the question cannot longer be regarded as an open one.

2. The prosecution under review was com-

menced originally in the Probate Court by affidavit
of the prosecuting attorney, and upon information
filed by him.

It was held by the Court of Common Pleas, on
error from the Probate Court, that the latter court
did not have jurisdiction of the prosecution.

That holding rests on the reasoning that Section
13049, General Code, which is the statute claimed
to have been violated, provides that the prosecution
shall be "on complaint," that consequently the
prosecution could not be instituted in any other
manner than by *complaint,* and that the word
"complaint" necessarily presupposes the institu-
tion of the prosecution in one of the courts named
in Section 13423, General Code, namely, the court
of a justice of the peace, police judge, or mayor.

Section 13423, General Code, enumerates sixteen
classes of misdemeanors which justices courts,
police judges and mayors have jurisdiction to hear
and determine.

Section 13422, General Code, relates to the crimi-
nal jurisdiction of a justice of the peace only,
and seems to make that jurisdiction dependent on
view or sworn complaint.

Section 13494 *et seq.,* in addition to prescribing
the procedure in criminal prosecutions, constitute
justices of the peace, police judges and mayors
examining courts relative to felonies, and confer
jurisdiction, under some circumstances, over mis-
demeanors other than those enumerated in Section
13423, excepting also such other misdemeanors as
may be provided for specifically by other statutes
to which our attention has not been called and for
which we have made no search.

Section 13496, General Code, provides that the

warrant shall be issued by a justice of the peace, mayor or police judge when an *affidavit* charging a person with the commission of an offense is filed, and Section 13497, General Code, provides a form of *affidavit* which shall be sufficient. Section 13498, General Code, provides a form of *affidavit* which shall be sufficient as a charge in relation to intoxicating liquors. Section 13499, General Code, permits the magistrate to require, before issuing the warrant, that the complainant procure a person to become liable for costs if the *complaint* be dismissed. Section 13500, General Code, requires that the warrant shall, by a copy of the *affidavit*, show or recite the substance of the *accusation*. Section 13423, General Code, makes no mention of either affidavit or complaint.

When, under Section 13432, the accused is on trial before a justice of the peace, police judge or mayor, for misdemeanor, where imprisonment is a part of the punishment and a jury is to be drawn, it is provided by Section 13435 that as to cases where a different punishment is provided for a second or subsequent offense the *information* or *affidavit* upon which the prosecution is based must charge that the offense is the second or subsequent offense, or the punishment shall be as for the first offense. This section relates, as we have stated, to prosecutions before a justice of the peace, police judge or mayor.

Thus it appears that the Legislature has not, in enacting the statutes relative to examinations and trials before justices of the peace, mayors and police judges, used the term *complaint*, as designat-ing the form of presentation of the charge of an offense.

Indeed it is obvious that it has not styled the instrument of accusation a complaint, except by Section 13422, and by Section 13463 as to peace warrant proceedings.

To the end that we may be more clear in stating our conclusion regarding the criminal jurisdiction of justices of the peace, police judges and mayors, we would say that only matters enumerated by Section 13423, and such as may be provided for specifically by other statutes, are within the jurisdiction of said magistrates. As to all other offenses the magistrates are examining courts for the purpose of arrest, examination and recognizance, excepting as provided by Sections 13510 and 13511.

By Section 13424 the Probate Court has concurrent jurisdiction with the Court of Common Pleas of all crimes and offenses, except in cases of minor offenses, the exclusive jurisdiction of which is vested in justices of the peace or other courts inferior to the Court of Common Pleas.

Unless the employment of the word "complaint," contained in Section 13049, requires the holding that jurisdiction over the offense defined by that section is committed exclusively to a justice of the peace, or some other court inferior to the Court of Common Pleas, the latter court, as well as the Probate Court, would have cognizance of the offense. Speaking strictly, if by reason of the language of Section 13422 the term "complaint," when used in Section 13049, compels the conclusion that the legislative intention was that the offense was solely within the jurisdiction of a justice of the peace, then a police judge or mayor would not have jurisdiction. We are not persuaded that such was the legislative intent.

In view of the indiscriminate employment of the words "complaint," "information," "affidavit," and "accusation," in the statutes to which we have alluded, we are convinced that the reasonable construction of Section 13049 is that the word "complaint" was used to designate the accusation, whether by affidavit before a justice of the peace, mayor or police judge, or information in the Probate Court, or indictment in the Court of Common Pleas, all of which magistrates and courts in our opinion had original, concurrent jurisdiction of the offense, and that the term "complaint" is not a limitation of the court having jurisdiction, the only limitation discernible in the section being that the prosecution must be commenced within twenty days after commission of the offense.

3. It is contended by plaintiff in error that if the Probate Court had jurisdiction, the affidavit required by the Constitution and statutes of the state could not be verified by the prosecuting attorney.

At common law it was not necessary to the validity of an information by a prosecuting officer that an affidavit charging the offense be filed. Article I, Section 14 of the Constitution of Ohio, provides that no warrant shall issue but upon probable cause, supported by oath or affirmation. This provision has been construed in *Eichenlaub* v. *The State,* 36 Ohio St., 140, as requiring formal charge upon oath or affirmation, where the accusation is an information; that is to say, the information must be based on a warrant issued upon oath or affirmation charging the person informed against with the commission of an offense.

Section 13443, General Code, authorizes the prosecuting attorney to file an information originally in the Probate Court, without preliminary hearing before an examining court, upon "the proper affidavits being filed" therein, and that the Probate Court shall issue the warrant for the arrest of the accused.

The inquiry now is whether the words "proper affidavits" include an affidavit verified by the prosecuting attorney who files the information. There is no constitutional or statutory provision disqualifying a prosecuting attorney from filing such an affidavit. Therefore the disqualification, if such there be, must rest on public policy. No case in Ohio has been cited, and the court has found none holding that a prosecuting attorney may not file the affidavit.

In *Gates and Goodno* v. *The State*, 3 Ohio St., 293, which had to do with the jurisdiction of the probate court upon information, prior to the enactment of Section 13443, General Code, the learned judge who delivered the opinion severely criticizes the propriety which would permit a prosecuting officer to perform any act relative to the presentation of an information other than the filing of it. But it was clear that he was not speaking for any member of the court other than himself.

Recurring to the case in 36 Ohio State, 140, *supra*, which fully and clearly treats of the affidavit requisite to an information, Okey, J., uses no language suggesting any limitation of eligibility of the affiant: "The basis of such information must, under the constitution, be a charge on oath or information." And it is further stated that the

information need not be confined literally to the charge set forth in the affidavit.

In determining whether there is a public policy of the state, forbidding a prosecuting attorney from making the affidavit necessary to the presentation of an information, we must be mindful of the rule which precludes a court from substituting its conception of propriety for the provisions of constitutions and statutes and the decisions of courts.

As was said by Burket, C. J., in *Hamilton, Glendale & Cincinnati Traction Co.* v. *Parish,* 67 Ohio St., 181, at page 195, "Under a system like ours, where the fundamental rights of the people are defined and guarded by a written constitution, where all crimes are statutory, and our civil rights and procedure also regulated by statutes, there is but little room for public policy, outside of our statutes and constitution."

In the case just cited, the question of whether a public policy existed, was determined by reference to constitutions, statutes and decisions.

In the case at bar we hold that there is no public policy preventing a prosecuting attorney from filing the necessary affidavit for a warrant where the prosecution is by information.

Turning to decisions of other states, numerous cases construing statutory provisions are reported, but the latter are in no instance similar in form or substance to Section 13443, General Code.

There is no Ohio statute preventing a prosecuting attorney from filing before a justice of the peace, mayor, or police judge, an affidavit charging an offense, as any other person might do, nor is there any public policy by way of decision against such action by a prosecuting attorney.

No reason can be perceived why, so long as the affidavit is in proper form, there should be a rule differentiating the right or duty, or both, as the case may be, of a prosecuting attorney, from that of any other citizen, in matters respecting the complaint against and arrest of persons suspected of the commission of criminal offenses.

The affidavit of a prosecuting attorney, whether before a mayor, justice of the peace or police judge, or in the probate court, as a prerequisite to the filing of an information, must of course be in due form. A "proper affidavit" under Section 13443, General Code, is one in legal form. We hold this to be the legislative intent. To decide otherwise would require a reading into that statute of words not placed there by the Legislature. Of course a prosecuting attorney would be as amenable as any other citizen for the filing of a false affidavit.

Moreover, it is not difficult to imagine cases where a prosecuting attorney might not be able to find a person who would verify the necessary affidavit for an information and the prosecuting attorney might be the only one having actual knowledge of the offense; or, a prosecuting attorney might be the only available witness to the commission of an offense which ought to be the subject of an information. Could he not testify, and upon his testimony alone might not a conviction arise?

If his testimony alone would support a conviction, why should not his affidavit satisfy the requirements respecting an information?

We are persuaded that no reason exists which should make void the affidavit filed by a prose-

cuting attorney as a prerequisite to the presentation of an information, and that the rule which would permit him to testify in a criminal case would authorize him to take any other step essential to the initiation of a criminal prosecution. This, because there is no constitutional, legislative, or judicial interdiction against it.

That the prosecuting attorney added his official title to his signature to the affidavit here in controversy is, we decide, of no more consequence than if he had added his age or place of residence.

*Judgment reversed.*

WARDEN, J., concurs.

HUGHES, J., dissenting. I am of the opinion that the judgment of the Common Pleas Court, reversing the Probate Court, should be affirmed for the reason that the affidavit upon which the information was filed by the prosecuting attorney in the Probate Court, and upon which the prosecution was had, was signed and sworn to by the prosecutor himself.

The jurisdiction of the Probate Court in the prosecution of the offenses which are cognizable by the Probate Court is exercised upon information filed, and in most cases the information is filed by the prosecutor after a transcript of the proceedings had before a magistrate has been filed in the Probate Court.

Section 13443 authorizes the prosecuting attorney to file an information in the probate court without a preliminary hearing before an examining court, upon the *proper* affidavits being filed therein.

The policy of our law, as well as the modern

rule in England, has always been antagonistic to the vesting of authority in the prosecuting attorney, or any other prosecuting officer who has been elected by the people to represent the state in the trial of offenses, to determine according to his own discretion who shall be prosecuted and then file the informations on his own initiative. This policy of our state is well defined in the case of *Gates and Goodno* v. *State,* 3 Ohio St., 293. This seems to be the general policy in this country.

I have searched diligently for authority from the courts of last resort, and have been able to find no authority vesting in a prosecuting officer of a state the power both to initiate by his own affidavit or complaint against an offender of the law, and also to file the information upon which such offender is to be prosecuted.

It has been said by our Supreme Court that where no case can be found to support a claim, that fact may be evidence that in the public estimation such claim is not maintainable. *Dunlap* v. *Knapp,* 14 Ohio St., 64, 72.

In the case of *Flournoy* v. *State,* 51 Tex. Crim. Rep., 29, 100 S. W., 151, the Texas court recognizes this same policy as the policy of that state. It was first announced in the case of *Daniels* v. *State,* 2 Tex. App., 353.

If it had been the purpose of our Legislature to permit the prosecution in the Probate Court to be initiated and the complaint filed by the prosecutor, it would have been necessary only to have provided that the information, duly sworn to, might be filed; but the statute provides that the information shall be filed only after proper affidavits have been filed. And by this I take it to

mean the same affidavits by other persons who would be the affiants before the examining magistrate were the case initiated there.

If the prosecuting attorney should happen to be the sole person having knowledge of the commission of the offense complained of, he could file his affidavit as a private citizen before an examining magistrate, and if the magistrate found probable cause the accused could then be bound over to the probate court, and, upon the filing of the transcript therein, the information could be filed and the case proceed as is contemplated by the statute.

That this is the policy of our state is to some extent borne out by the language used in Section 13442, General Code. Referring to the information to be filed by the prosecutor, it says: "An information shall not be filed by the prosecuting attorney for an offense not specified in the transcript from the docket of such justice or mayor."

If the prosecutor is held to be authorized to file his own affidavit, the force of this language could be destroyed by the prosecutor merely filing his affidavit on information and belief obtained from the transcript, but defining an entirely different offense than the one specified in the transcript.

If there is no such policy, not only may the prosecuting attorney initiate a prosecution and prosecute it, but so may a justice or mayor file his own affidavit before himself and prosecute the case, for I find no prohibitory statute or decision.