## BYLER v. THE STATE OF OHIO.

*Schools—Failure to send minor to school—Section 12974, General Code—Affidavit sufficient to charge first, but insufficient to charge second, offense—Former conviction an element of second offense—New trial for insufficient affidavit and evidence—Rights of accused and state in criminal proceeding.*

1. Affidavit charging defendant with unlawfully, willfully, and negligently failing to send minor child to school or to proper grade of school, *held* sufficient to state first offense, in violation of Section 12974, General Code.
2. Affidavit charging defendant with unlawfully, willfully, and negligently failing to send minor child to school, or to proper grade of school, "this being the second offense of this nature within said county," *held* not sufficient to state second offense, in violation of Section 12974, General Code.
3. Charge of second offense, under Section 12974, General Code, for failing to send minor child to school, carrying higher penalty than first offense, must be stated in language as clearly and with as much certainty as is required in stating first offense.
4. In prosecution for second offense, former conviction is one of elements of second defense, and hence first offense must be made out by degree of evidence required by law.

5. Conviction under Section 12984, General Code, for second offense for failing to send minor child to school, *held* reversible error, requiring new trial, where affidavit was insufficient to charge second offense, and there was no legal evidence sustaining former conviction of first offense.

6. Accused, charged with crime, is entitled to fair and impartial trial, and state is entitled to opportunity to present facts and submit evidence in such trial under proper affidavit or information clearly setting forth charge.

(Decided February 10, 1927.)

ERROR: Court of Appeals for Stark county.

*Mr. Frank N. Sweitzer,* for plaintiff in error.

*Mr. H. W. Harter, Jr.,* prosecuting attorney, and *Mr. James M. Aungst,* for defendant in error.

HOUCK, J. The plaintiff in error was tried and convicted in the court of a justice of the peace of Stark county, Ohio, for failing to send his minor child to school, as required by the compulsory school attendance statute of Ohio, and fined $25. Error was prosecuted to the common pleas court, and the judgment of the justice was affirmed.

The proceeding here seeks to reverse the judgment of both the lower courts.

The conviction was had under favor of Section 12974, General Code of Ohio, which reads:

"Whoever being a parent, guardian or other person having care of a child of compulsory school age violates any of the provisions of Sections 7762, 7762-5, 7763, 7765-1, 7773 or 7773-1, General Code, shall upon conviction be fined not less than five dollars and not more than twenty dollars, or the court may in its discretion require the person so

convicted to give bond in the sum of one hundred dollars with sureties to the approval of the court, conditioned that he will cause the child under his charge to attend upon instruction as provided by law, and remain as a pupil in the school or class during the term prescribed by law; and upon the failure or refusal of any such parent, guardian or other person to pay said fine and costs or furnish said bond according to the order of the court, then said parents, guardian or other person shall be imprisoned in the county jail not less than ten days nor more than thirty days.''

The part of the affidavit involved in this case reads:

''During said time and then and there unlawfully, willfully, and negligently, did fail to send said minor, Fannie Byler, to school or to the proper grade of school; this being the second offense of this nature within said county.''

We have read with great care the testimony as contained in the bill of exceptions. The affidavit has not escaped our attention and has received thoughtful consideration. We are not unmindful of the several briefs and citations of authorities which were filed at the time of argument and since, all of which we have read, analyzed, and considered.

The time is now here when the court must divest itself of the duty resting upon it. Learned counsel in the case laboriously and faithfully did their part, which has materially aided the court in reaching its conclusion.

First. Does the affidavit state an offense in violation of any statutory provision?

Second. Does the affidavit, in fact and law, set forth and state a second offense?

Third. Is the evidence, as contained in the transcript of the testimony, sufficient to warrant a conviction of a second offense, if it be conceded that such charge is sufficiently stated in the affidavit?

As to the first claim, the writer of this opinion is fully satisfied that the affidavit states a first offense. It is not as clear, definite, and certain as it might be, yet, after all, it advises the accused of the offense charged. The legal effect of the language is that Seth Byler, during the period stated in the affidavit, did unlawfully, willfully, and negligently fail to send his minor child to school, etc. It is clear to us that this language fully measures up to all the legal requirements to state a first offense under the statute governing the crime charged.

Yet we are free to say that above statute, and others kindred thereto, need some clarification, and we feel they are proper subjects for the present or some future Legislature to take action upon in the way of making them more definite and certain, in order that layman, lawyer, and the courts may be better enabled to determine their exact meaning and application to a given state of facts; and it seems to us that these observations are especially pertinent to the case at bar.

Now, as to the second inquiry: Does the affidavit state a second offense in such language as to advise the accused of such fact? We must and do answer this in the negative. We reach this conclusion because our interpretation of the language used to charge same, "this being the second offense of this nature within said county," falls far short of satisfying the law in this respect. This language

does not bring home to Seth Byler the fact that he has for the second time been charged with failing, neglecting, etc., to send his minor child to school. The words used are too general to convey such meaning.

The charge of a second offense carries with it, in law, if conviction is had, a higher penalty than is imposed for a first offense. Hence it follows that such must be stated in language as clear, and with as much certainty, possibly, as is required in stating a first offense.

The language attempting to charge a second offense, we find and hold falls far short of doing so, and is insufficient in law.

As to the third ground of error. The evidential facts are wholly and entirely inadequate to sustain the claim of proof of a former conviction of the accused of an offense similar to the one set forth in the affidavit in the present prosecution.

It must and will, no doubt, be conceded that a former conviction enters into, is a part of, and one of the elements of, the alleged second offense.

If that be true, then, to convict of a second offense, the first offense must be made out by that degree of evidence required by law. A search of the record fails to find such proof. Yet the jury returned a verdict of guilty as charged, which carried with it a finding of a second offense.

The magistrate assessed a fine of $25, which is only authorized where conviction of a second offense is had, as provided in Section 12984, General Code.

The judgment of conviction and fine by the justice of the peace, as and for a second offense, and the affirmance thereof by the common pleas

court, in face of the fact—as we find and hold—that the affidavit does not charge a second offense and there is no legal evidence sustaining a former conviction of a first offense, were and are prejudicially erroneous to plaintiff in error. In view of same this court is not only authorized, but is duty bound, to enter a reversal of these judgments.

From what we have said, and from the errors herein pointed out, it may be thought, by counsel for the state, that the cause should be remanded to the justice of the peace for resentence only.

The writer of this opinion feels otherwise. One charged with crime is entitled to a fair and impartial trial. Likewise the state should be given an opportunity to present the facts and submit its evidence, in such trial, under the rules of law, based on a proper affidavit or information clearly setting forth the charge made against the one accused of a criminal offense.

We are inclined to believe that in order to do substantial justice to Byler and the state of Ohio a new trial should be granted. We reach this conclusion after a most careful and laborious consideration of the record before us and the law of the case.

We are aware of the fact that in many respects this may be considered a ''pioneer case'' under our present compulsory school laws, which, to say the least, are somewhat vague and uncertain in many of their provisions.

While this cause may be destined for review by the Supreme Court of Ohio—we know not and are not concerned about it—yet we are satisfied that a new trial will be in the interest of justice and fairness to both the accused and the state of Ohio.

The future of this case and its responsibilities now rest with learned counsel.

The judgment of conviction in the court of the justice and the affirmance thereof by the common pleas court are reversed, and the cause remanded to the magistrate's court for a new trial.

*Judgment reversed and cause remanded.*

SHIELDS and LEMERT, JJ., concur.