THE STATE OF OHIO, APPELLEE, *v.* BOWMAN, APPELLANT.

(No. 2713—Decided October 9, 1962.)

Mr. P. Eugene Smith and Mr. Eugene A. Jablinski, for appellee.

Mr. Winn C. Hamrick, for appellant.

CRAWFORD, P. J.   Defendant, appellant herein, was charged in the Municipal Court of the city of Miamisburg with a second offense under Section 3773.24, Revised Code, in that on Sunday, July 30, 1961, he did unlawfully suffer Woody's Market, Inc., to be open for the transaction of business, and in that on April 6, 1961, he had been convicted of a similar offense committed on February 12, 1961.

He was found guilty by a jury and sentenced to serve ten days in the workhouse and to pay a fine of $75.   Upon appeal, the Court of Common Pleas affirmed the judgment.

The prosecution was based only upon an affidavit of one G. Joseph Strickler, made and filed on August 7, 1961.

The first assignment of error is the failure to sustain appellant's motion to dismiss the affidavit filed against him for the

reason that the state cannot proceed against him under Section 3773.24, Revised Code, unless a complaint is made within ten days after a violation.

Section 3773.24, Revised Code, reads in part:

"* * * In prosecutions under this section complaints shall be made within ten days after a violation."

Section 2935.09, Revised Code, provides:

"In all cases not provided by Sections 2935.02 to 2935.08, inclusive, of the Revised Code, in order to cause the arrest or prosecution of a person charged with committing an offense in this state, a peace officer, or a private citizen having knowledge of the facts, shall file with the judge or clerk of a court of record, or with a magistrate, an affidavit charging the offense committed, or shall file such affidavit with the prosecuting attorney or attorney charged by law with the prosecution of offenses in court or before such magistrate, for the purpose of having a complaint filed by such prosecuting or other authorized attorney."

The attorneys who represent the state of Ohio, plaintiff, appellee herein, were designated for that purpose by the prosecuting attorney for the Municipal Court of the city of Miamisburg under the provisions of Section 2938.13, Revised Code. They have filed affidavits declaring their non-employment by the prosecuting witness.

Section 2935.17, Revised Code (128 Ohio Laws, 97, 101), entitled "Affidavit forms; authority of Supreme Court to prescribe," sets forth, separately, the forms of affidavit and complaint which are declared sufficient.

Counsel for appellee urge that these last two sections of the Revised Code did not become effective until January 1, 1960, and therefore cannot affect the provisions of the specific statute, Section 3773.24, Revised Code, which had previously become effective on July 17, 1959.

They cite the case of *State* v. *Ritzler* (1923), 17 Ohio App., 394, indicating that the words, "affidavit," "complaint," and "information," were used indiscriminately and are interchangeable and equivalent in meaning. Another case of similar import is *Hebebrand* v. *State* (1935), 129 Ohio St., 574.

Neither of these cases decides our present question. When statutory language is ambiguous or lacks precision it must, of

course, be interpreted or construed. But when the Legislature defines and clarifies the language it has used in previous enactments, such clarification renders obsolete such prior judicial interpretation and construction. See 50 American Jurisprudence, 328, Statutes, Section 337; 82 Corpus Juris Secundum, 419, Statutes, Section 252.

The language of Section 2935.09, Revised Code, is clear and positive. It applies to "all cases" except those which present a particular problem in connection with an arrest or warrant. In all other cases the affidavit is required "for the purpose of having a complaint filed by such prosecuting or other authorized attorney." Thus a complaint is contemplated in all these cases and the purpose of the affidavit is limited to effecting the filing of a complaint. A complaint is defined by example in Section 2935.17, Revised Code. Since this provision is made applicable to all cases (with the minor exceptions noted), it necessarily applies in a prosecution for a violation of Section 3773.24, Revised Code.

We believe this leaves no further question as to what is meant by the requirement of Section 3773.24, Revised Code, that a "complaint" as thus defined be filed within ten days after a violation. It would seem particularly appropriate in a prosecution for a violation of a law as to which there exists so much controversy to require that a prosecution should be approved through the prescribed method of complaint by the prosecuting or other authorized attorney.

The second assignment of error is the failure of the court to sustain appellant's motion to dismiss the affidavit because it alleges a prior offense and conviction. A necessary element of the charge is that appellant has committed a second offense. There can be no second offense without a first offense. Hence, it is essential to the statement of the charge to recite the earlier conviction. Indeed, without such recital appellant could not have been entitled to a jury. *Larney* v. *City of Cleveland* (1878), 34 Ohio St., 599; *State, ex rel. Smith,* v. *Smith* (1903), 69 Ohio St., 196; *Kubach* v. *State* (1904), 2 C. C. (N. S.), 133, 15 C. D., 488; *Byler* v. *State* (1927), 26 Ohio App., 329, 26 Ohio Jurisprudence (2d), 637, 638, Habitual Criminals and Subsequent Offenders, Section 9.

The third assignment of error is the admission into evi-

dence of the prior conviction recited in the charge. The prior conviction, being a necessary element of the charge, must, of course, be established by the evidence. *Byler* v. *State, supra* (26 Ohio App., 329).

The second and third assignments of error are not well made. The first assignment is well made, and by reason thereof the judgment must be, and hereby is, reversed.

*Judgment reversed.*

KERNS and SHERER, JJ., concur.