The State of Ohio, Appellee, *v.* Hamilton House
Furniture, Inc., Appellant.

(No. 7168—Decided April 30, 1963.)

*Mr. Paul Haytcher,* city solicitor, for appellee.
*Mr. Carl B. Mellman,* for appellant.

Troop, J.  Defendant, appellant herein, Hamilton House
Furniture, Inc., a corporation, was charged with and convicted
of a violation of Section 3773.24, Revised Code, commonly
known as the Sunday Closing Law, in the Municipal Court of
Columbus.  The alleged violation took place in the city of
Whitehall and county of Franklin.  The corporation will be re-
ferred to as the defendant throughout this opinion.  It is from
the conviction of the corporation that this appeal is taken.

64

The assignments of error advanced on behalf of the defendant will be considered in the order in which they appear in counsel's brief. It is contended first, that Mr. Adler, a witness for the prosecution, was required to answer questions the answers to which might have tended to incriminate him.

In the record, counsel for defendant indicates that Mr. Adler was served a subpoena as president of the defendant corporation, and the record indicates that he appeared with the records he was directed to bring. When questioned about the records the witness repeatedly refused to answer upon constitutional grounds but in each instance was required to answer by the court. There is nothing in the record to indicate that the records produced by Mr. Adler were in any sense personal records, and since they were entirely corporate the rule followed in *Davies* v. *Columbia Gas & Electric Co.* (1938), 68 N. E. (2d), 571, is applicable. At page 575, the court says:

"* * * It has, therefore, been repeatedly held in recent decisions by the United States Supreme Court that an officer or any custodian, who has possession of corporate books or other corporate records, can not refuse to produce them because of a claim of personal privilege."

The court then quotes from the syllabus of *Wilson* v. *United States* (1911), 221 U. S., 361, 55 L. Ed., 771, 31 S. Ct., 538, Ann. Cas. 1912D, 558 as follows:

" 'An officer of a corporation is protected by the self-incrimination privileges of the fifth amendment against compulsory production of his *private* books and papers, but this privilege does not extend to the books of the corporation in his possession.' "

The trial court was not in error in requiring the witness, Adler, to answer.

The second assignment of error is an objection to the admission of state's Exhibits 3 through, and including, 8. They consist of some receipts for cash, four sales slips and an application for a vendor's license dated July 13, 1961, by Hamilton House Furniture, Inc. In the record there is a recital of questions addressed to the witness, Adler, concerning the exhibits. His first response to each question was a refusal to answer, but

when finally required by the court to reply, the information supplied is sufficient to establish the documents as proper corporate records and to bring Exhibits 3 to 7, inclusive, within the rules of *Leonard* v. *State* (1919), 100 Ohio St., 456. In the record the witness, John Welch, sufficiently identified Exhibit 8.

In any event, if the trial court were in error, the exhibits in and of themselves can not be regarded as prejudicial in view of the entire record. The trial court did not err in the admission of the exhibits.

Assignment of error number 3 asserts that the evidence obtained by the prosecuting witness, Kluth, was illegally obtained and, therefore, inadmissible. Counsel relies upon a previous decision by another judge in the same trial court. The most recent decision involving the matter of illegally obtained evidence is in the rather classic case of *Mapp* v. *Ohio* (1961), 367 U. S., 643, 6 L. Ed. (2d), 1081, 81 S. Ct., 1684. In that case the evidence excluded was obtained by police officers who broke in a door to premises under surveillance, handcuffed the suspect, searched her premises without a warrant, and in the course of the extensive search discovered the materials upon which they based a charge.

The conduct of Kluth, who simply made a purchase of merchandise in a store obviously open to the public, bears very slight resemblance to the methods used by the officers in the *Mapp case, supra*. If, as is claimed, the witness, Kluth, was employed to obtain evidence and was, therefore, engaged in common labor on Sunday, an affidavit charging him with the offense would be appropriate. The trial court was correct in admitting the evidence obtained by Kluth, the ruling of another branch of the court notwithstanding.

There is no support for the general assignments of error four and six.

On first notice the fifth assignment of error appears to have merit, but a closer check of the record leaves it without much foundation. Defendant claims to have had no opportunity to present its defense. The record shows that the court directed the defense to call its first witness. Motions were interposed by the defense and a request for a continuance of the

case was made, although there is no indication that the defense was not properly advised of the time of hearing. Again a motion by the defense to dismiss was addressed to the sufficiency of the case of the prosecution, which motion was overruled following a discussion by counsel with the court, which does not appear on the record. The defense was given opportunity to defend, and if witnesses had not been subpoenaed when the case was regularly assigned for trial, it is not error for the court to conclude the case.

The final assignment of error appears in the supplemental brief of the defendant. It is claimed that the trial court lacked jurisdiction to hear the matter in that only an affidavit had been filed by the prosecution instead of a complaint. To support his position counsel relies upon a decision by the Court of Appeals for Montgomery County in the case of *State* v. *Bowman,* 116 Ohio App., 285, decided October 9, 1962, in which the court held that charges for violations of Section 3773.24, Revised Code, can only be instituted by filing a "complaint" within ten days.

We prefer the position taken by the Common Pleas Court of Franklin County in the case of *State* v. *Collins,* number 213496, in which the court held that the applicable rule is set out in Section 2935.09, Revised Code, permitting the filing of either an affidavit or a complaint.

Section 3773.24, Revised Code (128 Ohio Laws, 1219), became effective July 17, 1959. Section 2935.09, Revised Code (128 Ohio Laws, 97, 98), became effective January 1, 1960. Section 2935.09, *supra,* does not cover certain situations, specifically it does not govern cases provided for in Sections 2935.02 through 2935.08, Revised Code. It is controlling in all cases not specifically excepted. It should be noted that the Legislature did not except Section 3773.24, Revised Code, from the operation of Section 2935.09, Revised Code.

The procedure provided in Section 2935.09, Revised Code, permits a choice by a peace officer or a private citizen, having knowledge of the facts, in charging an offense and causing an arrest. Such peace officer or private citizen "shall file with the judge or clerk of a court of record, * * * an affidavit charging

the offense committed" *or* "shall file such affidavit with the prosecuting attorney * * *, for the purpose of having a complaint filed." An affidavit must first be filed, and clearly, the affidavit may be filed either with the clerk or with the prosecuting attorney. If with the latter, an additional step becomes necessary in the procedure following the filing of the affidavit, to wit, the filing of a complaint by the prosecutor.

In the "Sunday Closing Law" the language is as follows: "* * * Complaints shall *be made* within ten days * * *." (Emphasis added.)

In the later enacted statute, Section 2935.09, Revised Code, the word is "file." The complaint can *be made* by *filing* an affidavit.

The last assignment of error is not well founded. The trial court had jurisdiction.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DUFFY, P. J., and DUFFEY, J., concur.