THE STATE OF OHIO, APPELLEE, *v.* HERWALD, APPELLANT.

(No. 7157—Decided June 4, 1963.)

*Mr. John C. Young,* city attorney, and *Mr. William Shimp,* for appellee.
*Mr. Richard B. Metcalf,* for appellant.

BRYANT, P. J. This is an appeal on questions of law by Paul Herwald, defendant, appellant herein, from a judgment and sentence of the Columbus Municipal Court finding him guilty of having his place of business, The Harold Company, 3301 East Main Street, Columbus, Ohio, open for business on Sunday, March 11, 1962, and permitting the sale of a five dollar television antenna to two investigators employed by the Greater Columbus Sunday Association. The trial court imposed a fine of $25 and costs, and Herwald gave notice of appeal to this court.

The first error assigned is that the judgment and sentence of the trial court are contrary to law and against the weight of the evidence. The prosecution was conducted under the provisions of Section 3773.24 of the Revised Code, known as the "Sunday Closing Law," it being Herwald's contention that the statute specifically exempts from its operation "entertainment" and "that a sale of a television antenna is the sale of a 'commodity' incidental to entertainment and comes within the exception contained in Section 3773.24 (B), Revised Code."

The pertinent portion of the statute to which reference has been made is:

"This section shall not apply to:

"(B) Recreation, sports, amusements, *entertainment,* or exhibitions or the providing of services and commodities incidental thereto." (Emphasis added.)

We find ourselves unable to agree with this contention, from which we conclude the first assignment of error is not well taken and must be overruled.

The second assignment of error relates to the claim on behalf of Herwald that it was error for the trial court to permit the prosecution witnesses to testify because, allegedly, the defendant was entrapped to commit the alleged crime. The sale in question appears to have been made by a salesman employed by defendant and on duty at the time. It would appear that the first steps toward making the sale possible were taken by or on behalf of the defendant when the place of business was opened on Sunday and the salesman was made available to meet such of the public as might enter this place of business. It is difficult to conceive under the circumstances how entrapment entered into this arrangement. We conclude that it did not, and for this reason the second assignment of error must be overruled.

In the brief as originally filed, the third and last assignment of error was entitled "Other Errors That Appear on the Face of the Record," under which heading it was contended that there was a failure of proof beyond a reasonable doubt of the elements of the offense. However, in the supplemental brief this is enlarged to include the claim on behalf of defendant that, because the prosecution in this case was based upon an affidavit and not on a complaint, the entire proceeding was a nullity. In support of this contention counsel for Herwald cites the case of *State* v. *Bowman,* 116 Ohio App., 285.

In a recent case decided by this court, *State* v. *Hamilton House Furniture, Inc.,* 118 Ohio App., 63, opinion rendered on April 30, 1963, Troop, J., arrived at a different conclusion which was concurred in by Duffy, P. J., and Duffey, J. This opinion, on page 66 thereof, reads as follows:

"The final assignment of error appears in the supplemental brief of the defendant. It is claimed that the trial court lacked jurisdiction to hear the matter in that only an affidavit had been

filed by the prosecution instead of a complaint. To support his position counsel relies upon a decision by the Court of Appeals for Montgomery County in the case of *State* v. *Bowman*, 116 Ohio App., 285, decided October 9, 1962, in which the court held that charges for violations of Section 3773.24, Revised Code, can only be instituted by filing a 'complaint' within ten days.

"We prefer the position taken by the Common Pleas Court of Franklin County in the case of *State* v. *Collins*, number 213496, in which the court held that the applicable rule is set out in Section 2935.09, Revised Code, permitting the filing of either an affidavit or a complaint.

"Section 3773.24, Revised Code (128 Ohio Laws, 1219), became effective July 17, 1959. Section 2935.09, Revised Code (128 Ohio Laws, 97, 98), became effective January 1, 1960. This section does not cover certain situations, specifically it does not govern cases provided for in Sections 2935.02 through 2935.08, Revised Code. It is controlling in all cases not specifically excepted. It should be noted that the Legislature did not except Section 3773.24, Revised Code, from the operation of Section 2935.09, Revised Code.

"The procedure provided in Section 2935.09, Revised Code, permits a choice by a peace officer or a private citizen, having knowledge of the facts, in charging an offense and causing an arrest. Such peace officer or private citizen 'shall file with the judge or clerk of a court of record, * * * an affidavit charging the offense committed' *or* 'shall file such affidavit with the prosecuting attorney * * *, for the purpose of having a complaint filed.' An affidavit must first be filed, and clearly, the affidavit may be filed either with the clerk or with the prosecuting attorney. If with the latter, an additional step becomes necessary in the procedure following the filing of the affidavit, to wit, the filing of a complaint by the prosecutor.

"In the 'Sunday Closing Law' the language is as follows: " '* * * Complaints shall *be made* within ten days * * *.' (Emphasis added.)

"In the later enacted statute, Section 2935.09, Revised Code, the word is 'file.' The complaint can *be made* by *filing* an affidavit."

In light of the foregoing decision, to which we adhere, the third and final assignment is not well taken and must be over-

82

ruled, and, as a result, the judgment of the court below will be, and hereby is, affirmed and the cause remanded.

*Judgment affirmed.*

DUFFEY and TROOP, JJ., concur.