**Toth v. Gerding Enterprises**
[Cite as 2 AOA 376]

Case No. 56746
Cuyahoga County, (8th)
Decided March 22, 1990

5th Amend U.S. Const.
R.C. 1923.02

Blaine S. Schwartz, 3570 Warrensville Center Road, Cleveland, OH 44122, For plaintiff-appellees.

Albert E. Fowerbaugh, 818 National City Bank Bldg., Cleveland, OH 44114, For defendant-appellants.

MATIA, J.

Plaintiffs-appellants, Benjamin Toth and Lucille Toth, appeal from the judgment of the Parma Municipal Court which denied their claim of forcible entry and detainer as filed against defendant-appellee, Gerding Enterprises, Inc. dba Golden Oak Cafe.

## I. THE FACTS
### A. ORIGINAL LEASE

On June 28, 1985, a lease was entered into between Tom and Kaliopi Kalbouridis, as lessors, and Harry and Georgia Skapoulas, as lessees. The property subject to the lease was located at 5516 State Road, Parma, Ohio and contained a bar/restaurant entitled the Golden Oak Cafe. The lease provided for an initial term of three years subject to an option to renew the lease for a period of five years and an additional renewal option of three years. The renewal options were conditioned upon the lessees' compliance with all the terms and conditions of the lease which included compliance with all federal, state, and local statutes and regulations.

### B. APPELLANTS' PURCHASE OF THE PROPERTY SUBJECT TO THE LEASE AND ASSIGNMENT OF LEASE TO APPELLEE

Subsequent to the execution of the original lease of June 28, 1985, the appellants-Toths purchased the real property located at 5516 State Road, Parma, Ohio. The original lease, however, as entered into on June 28, 1985, remained in full force and effect. On April 16, 1988, the original lessees, Harvey and Georgia Skapoulas, executed an assignment of lease and transferred all their rights and interest in the

lease of June 28, 1985 to appellee-Gerding Enterprises, Inc. dba Golden Oak Cafe.

## C. COMPLAINT FOR FORCIBLE ENTRY AND DETAINER

On July 18, 1988, the appellants-Toths filed a complaint for forcible entry and detainer in the Parma Municipal Court against apellee-Gerding Enterprises, Inc. The complaint alleged that the appellee-Gerding Enterprises, Inc. had failed to comply with the terms of the original lease as a result of liquor law violations and a fire department citation. The appellants-Toths argued that the appellee-Gerding Enterprises, Inc. was foreclosed from exercising its option to renew the lease for an additional period of five years as a result of the liquor law violations and the fire department citation. The matter was referred to a referee by order of the Parma Municipal Court.

## D. HEARING HELD BEFORE REFEREE

On August 9, 1988, a hearing was held before a referee. On August 23, 1988, the referee filed its report of the referee. The report provided that:

"A lease had been entered into by one Tom and Kaliopi Kalbouridis as lessors and Harry and Georgia Skapoulas as lessees on June 28, 1985. Subsequent to that date plaintiffs Benjamin Toth and Lucille Toth purchased the involved premises. Defendant became a 'sub-lessee,' as an assignee on or about April 16, 1987.

"Defendant obtained an interest to the premises by the aforementioned assignment. The initial term of the lease was to run from June 1, 1985 through and inclusive of June 30, 1988. The lessee was granted an option to renew the lease for a five (5) year period. This was conditioned upon lessee's full performance of all terms and conditions of this lease for all periods to such option period. See third page of lease (pages are unnumbered). The lessee also agreed to obey and comply with all laws and regulations of governmental authorities (page 6 of the lease) and agreed to hold the lessor harmless from any violations thereof.

"Plaintiffs received a handwritten letter from defendant (exhitit G of plaintiffs' trial brief) on or about June 28, 1988 which purports to be defendant's exercise of its option.

"Plaintiffs' three day notice was stipulated by the parties (exhibit F of plaintiffs' trial brief). Reference is made to the two reasons given for the eviction as is set forth on the three day notice. The April 28, 1988 letter is exhibit H of plaintiffs' trial brief.

"Depositions were had by the parties on August 5, 1988 - wherein the defendant's officers, Edward and Rosalind Gerding, refused to testify upon cross-examination regarding questions posed about liquor violators raising Fifth Amendment and self-incrimination defenses. Thus, it should have been no surprise to plaintiffs when the same officers in court likewise raised the same defenses to such questions. It was a continuing defense to all questions. This also pertained to the liquor violation (exhibit E of plaintiffs' trial brief and the Building Inspection Record of plaintiffs' trial brief).

"The lease is subject to compliance with terms, conditions, and regulations in order to exercise the option. One would assume that any attempt by the defendant to exercise the option (the letter of June 24, 1988) would be conditioned (because of the lease language) upon the lessee being in full force compliance with all the terms of the lease and regulations of governmental agencies as of the end of the day on June 30, 1988 in order for there to be a valid exercise of the option. The lease is silent as to the mechanics as how this is to be accomplished.

"The Building Inspection Record alleging range and broiler violations standing alone certainly is not of that magnitude to prevent the exercise of an option even if proven.

"The burden of proof is upon the plaintiffs to prove noncompliance. Otherwise, the lessee is in lawful possession under the exercise of the option.

"The plaintiffs did not introduce any evidence of any noncompliance, i.e., the the (sic) liquor violations and the Building Department violations (exhibits) were not proven. They are hearsay. They do not comply with any exceptions to the hearsay rule. (See 43 O JUR 3d Evidence & Witnesses # 443.)

"Plaintiffs are not entitled to possession as defendant is in lawful possession under its exercise of the option."

## E. TRIAL COURT ACCEPTS REFEREE'S REPORT AND ENTERS JUDGMENT FOR APPELLEE

On August 23, 1988, the trial court accepted the referee's report and entered judgment in favor of the appellee-Gerding Enterprises, Inc. On September 6, 1988, the appellants-Toths filed a brief captioned "Objections to Report of the Referee, or, in the alternative, Motion to Vacate Judgment and Motion for New Trial." On October 20, 1988, the trial court overruled the appellants-Toths'

"Objections to Report of the Referee" and reaffirmed the decision of the referee, denied the appellants-Toths' motion to vacate judgment, and also denied the appellants-Toths' motion for new trial.

Thereafter, the appellants-Toths timely brought the instant appeal from the trial court's approval of the referee's report and the denial of the motion for new trial.

## II. THE APPELLANTS' FIRST ASSIGNMENT OF ERROR

The appellants-Toths' first assignment of error is that:

"THE TRIAL COURT ABUSED ITS DISCRETION IN ACCEPTING THE REPORT OF THE REFEREE IN VIEW OF THE CONCLUSIVE EVIDENCE THAT THE APPELLANT CORPORATION VIOLATED THE REGULATIONS OF THE OHIO DEPARTMENT OF LIQUOR CONTROL AND THE PARMA FIRE DEPARTMENT AND FURTHER ERRED TO THE EXTENT OF DISREGARDING THE REFEREE'S RESPONSIBILITY TO REQUIRE THE OFFICES OF THE CORPORATION TO TESTIFY AS TO SUCH VIOLATIONS AND PRESENT SUCH DOCUMENTS IN THEIR POSSESSION, NOTWITHSTANDING THEIR INVOCATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION."

### A. ISSUE: TRIAL COURT ERRED IN ACCEPTING THE REFEREE'S REPORT

The appellants-Toths, in their first assignment of error, argue that the trial court erred in entering judgment on behalf of the appellee-Gerding Enterprises,Inc. as based upon the referee's report. Specifically, the appellants-Toths argue that the referee erred in allowing the corporate officers of the appellee-Gerding Enterprises,Inc. to invoke the Fifth Amendment privilege against self-incrimination with regard to documents which purported to establish a liquor law violation and a fire code violation.

The assignment of error is well taken.

### B. DUTY OF TRIAL COURT TO REVIEW REFEREE'S REPORT

A trial court, with or without the benefit of any objection to a referee's report, possesses the responsibility to "critically review and verify" the correctness of the referee's report prior to approving the report and entering judgment.

"Our determination in this matter is further prompted by the high regard in which we hold the function of the judiciary. It is the primary duty of the court, and not the referee, to act as a judicial officer. Indeed, the court

must approve the referee's report and enter it upon its own record in order for that report to have any validity or binding effect. Civ. R 53(E)(5). As was stated in the 1970 Staff Note to Civ. R. 53:

"'*** Rule 53 contemplates that a referee *shall aid the court* in the expedition of the court's business and *not to be a substitute* for the functions of the court.' (Emphasis added.)

"In order for the trial court to maintain its independence, it is utmost importance that it carefully examine any report before it for errors. Accordingly, we reject any concept which would suggest that a trial court may in any way abdicate its function as judge over its own acts. We therefore hold that, even in the absence of an objection to a referee's report, the trial court has the responsibility to critically review and verify to its own satisfaction the correctness of such a report." *Normandy Place Assoc.* v. *Beyer* (1982), 2 Ohio St. 3d 102, at 105.

Thus, the trial court in the case *sub judice* was duty bound to examine the referee's report for any errors.

As previously stated, the referee in his report stated that during the course of a scheduled deposition and the hearing held before the referee, the corporate officers of appellee-Gerding Enterprises, Inc. refused to testify as to a liquor law violation and/or produce a certified copy of the finding of a liquor law violation by the Liquor Control Commission. The corporate officers claimed the Fifth Amendment privilege against self-incrimination. The corporate officers, however, were not entitled to invoke the Fifth Amendment privilege against self-incrimination in relation to their testimony as corporate officers of appellee-Gerding Enterprises, Inc.

### C. CORPORATE OFFICERS DO NOT POSSESS FIFTH AMENDMENT PRIVILEGE AGAINST SELF-INCRIMINATION

In *Braswell* v. *United States* (1988), 487 U.S. ___, 108 S. Ct. 2284, the United Stated Supreme Court held that the custodian of the corporate records of a corporation may not resist a subpoena for the production of requested documents on the basis that the act of production will incriminate the custodian in violation of the fifth Amendment. In addition, the United States Supreme Court held that the custodian of corporate records may be required to identify and/or authenticate the requested documents for admission as evidence.

"The plain mandate of these decisions is that without regard to whether the subpoena is addressed to the corporation, or as here, to the individual in his capacity as a custodian, see *Dreier, supra; Bellis, supra,* a corporate custodian such as petitioner may not resists a subpoena for corporate records on Fifth Amendment grounds.

"* * *

"In distinguishing those cases in which a corporate officer was required to produce corporate records and merely identify them by oral testimony, the Court showed that it understood the testimonial nature of the act of production: 'The custodian's act of producing books or records in response to a subpoena *duces tecum* is itself a representation that the documents produced are those demanded by subpoena. Requiring the custodian to identify or authenticate the documents for admission in evidence merely makes explicit what is implicit in the production itself.' *Id.,* at 125, 77 S. Ct., at 1150." *Braswell* v. *United States, supra,* at ___, 108 S. Ct. 2284, at 2290.

In addition, the Supreme Court of Ohio has held that a corporate officer may not invoke the Fifth Amendment privilege against self-incrimination with regard to corporate books and records.

"Similarly, a corporate officer may not withhold testimony or documents on the ground that his corporation would be incriminated, nor may the custodian of corporate books or records withold them on the ground that he personally might be incriminated by their production." *State* v. *Pussycat Cinex* (1973), 36 Ohio St. 2 d 108, at 112.

The Court of Appeals for Franklin County has also held that the constitutional privilege against self-incrimination does not extend to a corporate officer with regard to corporate records. See *State* v. *Hamilton House Furniture, Inc.* (1963), 118 Ohio App. 63, at 64.

## D. ANALYSIS AND CONCLUSION

In the case *sub judice,* the trial court clearly erred in approving and adopting the referee's report where the referee permitted the corporate officers of appellee-Gerding Enterprises,Inc. to invoke the Fifth Amendment privilege against self-incrimination. The corporate officers should have provided the requested documents which related to the liquor law violations and the fire code violation. In addition, it was permissible to require that the corporate officer testify as to the requested documents. Further, the documents requested by the appellants-Toths were admissible pursuant to the hearsay exceptions as found in Evid. R. 803(8) (public records and documents).

Therefore, we find that the trial court abused its discretion in accepting the referee's report which was essentially premised upon the invocation of the Fifth Amendment privilege against self-incrimination by the corporate officers of appellee-Gerding Enterprises, Inc.

The appellants-Toths' first assignment of error is well taken.

## III. THE APPELLANTS' SECOND ASSIGNMENT OF ERROR

The appellant-Toths' second assignment of error is that:

"THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANTS' MOTION FOR NEW TRIAL IN ACCORDANCE WITH CIVIL RULE 59 BASED UPON IRREGULARITIES OF THE PROCEEDINGS OF THE COURT; MISCONDUCT OF THE PREVAILING PARTY; SURPRISE WHICH ORDINARY PRUDENCE COULD NOT HAVE GUARDED AGAINST; FAILURE OF THE JUDGMENT TO BE SUSTAINED BY THE WEIGHT OF THE EVIDENCE IN THAT SAID JUDGMENT WAS CONTRARY TO LAW; AND DUE TO AN ERROR OF LAW OCCURRING AT TRIAL BROUGHT TO THE ATTENTION OF THE REFEREE AT TIME OF TRIAL."

### A.ISSUE RAISED: TRIAL COURT IMPROPERLY
### DENIES APPELLANTS' MOTION FOR NEW TRIAL

The appellants-Toths, in their second assignment of error, argue that the trial court erred in denying the motion for new trial. Specifically, the appellants-Toths argue that irregularities of proceedings, misconduct of the prevailing party, surprise, failure of the weight of the evidence, judgment contrary to law, and an error of law required that the trial court grant the appellants-Toth's motion for new trial.

This assignment of error is well taken.

### B. CIV. R. 59 AND GROUNDS FOR A NEW TRIAL

Civ. R. 59(A), which defines the grounds upon which a trial court may grant a motion for new trial, provides that:

"A new trial may be granted to all or any of the parties and on all or part of the issues upon any of the following grounds:

"(1) Irregularity in the proceedings of the court, jury, referee, or prevailing party, or any order of the court or referre, or abuse of

discretion, by which an aggrieved party was prevented from having a fair trial;

"(2) Misconduct of the jury or prevailing party;

"(3) Accident or surprise which ordinary prudence could not have guarded against;

"(4) Excessive or inadequate damages, appearing to have been given under the influence or passion or prejudice;

"(5) Error in the amount of recovery, whether too large or too small, when the action is upon a contract or for the injury or detention of property;

"(6) The judgment is not sustained by the weight of the evidence; however, only one new trial may be granted on the weight of the evidence in the same case;

"(7) The judgment is contrary to law;

"(8) Newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at trial;

"(9) Error of law occurring at the trial and brought to the attention of the trial court by the party making the application.

"In addition to the above grounds, a new trial may also be granted in the sound discretion of the court for good cause shown."

### C. GROUNDS RAISED BY APPELLANTS FOR A NEW TRIAL

The appellants-Toths, through their motion for new trial, raised six grounds: Civ. R. 59(A)(1) - irregularity of proceeding; Civ. R. 59(A)(2) - misconduct; Civ. r. 59(A)(3) - accident or suprise; Civ. R. 59(A)(6) - judgment not sustained by weight of the evidence; Civ. R. 59(A)(7) - judgment contrary to law; and Civ. R. 59(A)(9) - error of law occurring at trial.

### D. ANALYSIS

A review of the record, however, fails to indicate the existence of any irregularity in the proceedings, misconduct of the prevailing party, accident or surprise, or that the judgment of the trial court was not sustained by the weight of the evidence. A review of the record does reveal the existence of the grounds of judgment contrary to law and error of law occurring at trial.

As discussed with regard to the appellants-Toths' initial assignment of error, the trial court erred in accepting the referee's report which was premised upon the invocation of the Fifth Amendment privilege against self-incrimination by the corporate officers of appellee-Gerding Enterprises, Inc. The judgment of the trial court in favor of the appellee-Gerding Enterprises,

Inc., as premised upon the Fifth Amendment privilege of the corporate officers, was contrary to law. In addition, the error of law, as relating to the Fifth Amendment privilege against self-incrimination, was brought to the attention of the trial court. Thus, two grounds sufficient to require the granting of the appellants-Toths' motion for new trial did exist in the record. Cf. *Sanders* v. *Mt. Sinai Hospital* (1985), 21 Ohio App. 3d 249.

### E. CONCLUSION

Therefore, the trial court erred in denying the appellants-Toths' motion for new trial as premised upon Civ. R. 59(A)(7) (judgment contrary to law) and Civ. R. 59(A)(9) (error of law). The appellants-Toths' second assignment of error is well taken.

*Judgment reversed and cause remanded.*

JOHN V. CORRIGAN, P.J. and
JOHN F. CORRIGAN, J., Concur.