STATE, PLAINTIFF-APPELLEE, v. BORNSTEIN, DEFENDANT-APPELLANT.

Ohio Appeals, Third District, Hancock County.

No. 635. Decided June 8, 1962.

*Hon. Garver Oxley*, prosecuting attorney, for plaintiff-appellee.

*Mr. Thomas A. Orndorff* and *Mr. Harold S. Stern*, for defendant-appellant.

*Per Curiam.* The defendant-appellant was convicted in the Common Pleas Court of Hancock County, of a violation of Section 3773.24, Revised Code, the so-called Ohio Sunday Closing Law. The gist of the charge contained in the affidavit is as follows:

"* * * one Jerome Bornstein, Manager, Findlay Fair, Inc., * * * did unlawfully permit a building, to-wit: Findlay Fair, Inc., * * * to open for business, on the 17th day of December, 1961, being Sunday * * *."

From his conviction, without the intervention of a jury, the defendant has appealed.

So far as pertinent in this case, Section 3773.24, Revised Code, provides as follows:

"No person, firm, or corporation shall * * * suffer or permit a building or place to be open for transaction of business * * * or to open a building or place for the transaction of business on Sunday."

The evidence in the case is very brief. One witness testified he entered the store around 5:00 P. M. on Sunday, that it was mostly a self-service store; that he selected a tri-square from the hardware department and paid the clerk, Clifford E. Griffen, at the cash register. Another witness testified that he accompanied the first witness and saw the transaction.

The only evidence purporting to implicate the defendant in the crime charged was that of the clerk Griffen and the following is his testimony so far as pertinent:

"Q. Mr. Griffen who is your immediate superior?

"A. Immediately is Max Altman and above him is Jerry Bornstein.

"Q. Who is the manager of the Findlay Fair where you are employed?

* * * *

"A. Actually I don't know for sure.

"Q. Who is the person that is in charge of this store?

&ast; &ast; &ast; &ast;

"A. Jerry Bornstein is president of the corporation.

"Q. Is he the manager of the store where you are employed?

"A. Well the store has—each individual department has a manager.

"Q. Well you have a store manager don't you?

"A. Well I imagine Max Altman would be.

&ast; &ast; &ast; &ast;

"Q. And you say he is your immediate superior?

"A. Immediate.

&bull; &bull; &bull; &bull;

"Q. Is there any person in this place of business who is superior to Mr. Altman?

"A. Mr. Bornstein would be."

On the basis of the above testimony we hold that the state has failed to prove beyond a reasonable doubt the charge against the defendant-appellant that is that he did suffer or permit a building or place to be opened for transaction of business on Sunday. In 12 Ohio Jurisprudence (2d), 673, para, 548, Corporations, it is stated: "before a corporate officer can be guilty of the violation of a penal statute, it must appear that he was either actively engaged in the performance or direction of the act complained of, or that he knew of the violation or proposed violation of the law, and that although he had the authority to prevent its occurrence or continuance he failed to do so."

There is no evidence that the defendant-appellant was actively engaged in the management of this store. There is no evidence that he participated in the unlawful act, either directly or as an aider, abettor or accessory nor as to where he lived or whether he had any knowledge or any opportunity of gaining knowledge as to the alleged violation. The mere fact that he has been elected president of the corporation by the board of directors, whose duty it is to manage and direct the affairs of the corporation, is insufficient and does not render him liable under the statute above quoted for the violation of which he was charged.

Taking this view of the cause we do not consider nor pass upon the constitutionality of the legislation under which the criminal charge was filed.

The judgment of conviction in the common pleas court will be reversed and the defendant discharged.

GUERNSEY, P. J., MIDDLETON and YOUNGER, JJ., concur.