THE STATE OF OHIO, APPELLEE, *v.* CIMINELLO, APPELLANT.

(No. 7494—Decided February 25, 1964.)

*Mr. John C. Young*, city attorney, *Mr. Howard P. Lowe*, city prosecutor, and *Mr. Gordon L. Sroufe*, for appellee.

*Messrs. Schwartz, Gurevitz & Schwartz* and *Mr. Richard F. Swope*, for appellant.

BRYANT, J. This is an appeal on questions of law. It is a criminal case in which the state of Ohio, appellee herein, was plaintiff below, and Joseph Ciminello, appellant herein, was defendant below.

The case began in the Columbus Municipal Court in which an affidavit was filed charging Ciminello with violating the provisions of Section 3773.24 of the Revised Code, commonly called the Sunday closing law.

In substance the affidavit charged that Ciminello, on Sunday, December 9, 1962, unlawfully suffered or permitted a building or place known as Shopper's Fair of Columbus, Inc., to be open for the transaction of business.

According to the transcript of docket and journal entries, Ciminello was present in court and entered pleas of not guilty on January 30, 1963, and again on March 21, 1963. According to the bill of exceptions, Ciminello authorized his attorney to enter a plea of not guilty and proceed to trial in his absence as provided in Section 2945.12 of the Revised Code, relative to trial of the accused in his absence.

On March 21, 1963, Ciminello was tried on the charge in the Columbus Municipal Court with the trial court acting as judge and jury. The state offered the testimony of one witness after which both sides rested, and the court found Ciminello guilty and imposed a fine of $25 and costs.

Ciminello gave notice of appeal to the Court of Common Pleas of Franklin County, assigning three errors: (1) that Ciminello was prosecuted by affidavit instead of by filing a complaint; (2) that the statute (Section 3773.24, Revised Code) is unconstitutional; and (3) that the evidence offered by the state was insufficient to prove beyond a reasonable doubt the guilt of Ciminello of the charge in the affidavit. The Court of Common Pleas overruled each of the three errors assigned and affirmed the judgment of the Columbus Municipal Court.

Ciminello has appealed to this court from the judgment of the Common Pleas Court and has assigned the same three er-

rors in this court. The first error assigned by Ciminello is:

"1. In overruling the motion of defendant-appellant to dismiss the charge against the defendant for failure to file a complaint as required by Section 3773.24 of the Ohio Revised Code."

We find ourselves in agreement with the conclusion reached by the court below on the authority of *State* v. *Hamilton House Furniture, Inc.* (1963), 118 Ohio App., 63, being an opinion by Troop, J., of this court. The first assignment of error will therefore be overruled.

The second assignment of error reads:

"2. In overruling the motion of defendant-appellant to dismiss the charge against the defendant for the reason that the charge was based upon an unconstitutional statute."

We find ourselves in agreement with the conclusion reached by the court below as to this assignment of error upon the authority of the decision of the Supreme Court in *State* v. *Kidd* (1958), 167 Ohio St., 521, in which the first paragraph of the syllabus reads:

"1. Section 3773.24, Revised Code, commonly called the Sunday closing law, is a valid, constitutional and enforceable enactment and is not vulnerable to the attack that it is a measure for the enforcement or promulgation of religious observances."

The third assignment of error reads:

"3. In overruling the motion of defendant-appellant to dismiss the charge against the defendant for failure of the state to prove beyond a reasonable doubt that the defendant was guilty of permitting the store to be open on December 9, 1962."

The pertinent portion of Section 3773.24, *supra*, under which the charge against Ciminello was brought is as follows:

"No person, firm, or corporation shall * * * suffer or permit a building or place to be open for transaction of business, or require a person in his employ or under his control to engage in common labor or to open a building or place for the transaction of business on Sunday. * * *"

The affidavit against Ciminello, so far as here relevant, reads:

"* * * that one Joseph Ciminello, on the 9th day of December, 1962, a Sunday, at the city of Columbus, county of Frank-

lin, * * * did unlawfully suffer or permit a building or place known as Shopper's Fair of Columbus, Inc. * * * to be open for the transaction of business * * *."

So far as the record is concerned there is no evidence whatever as to what time of day the building was opened, who actually opened it, who ordered it opened or who the officers and manager were. It seems clear that Ciminello was an assistant manager and did not hold the title of manager, president, or other executive officer.

The single prosecution witness testified that she and two other police officers arrived at Shopper's Fair "about 1:10 p. m." With reference to a conversation between another police officer and the defendant, the witness for the state testified as follows:

"Q. All right. Now, would you tell the court what you definitely recall from the conversation between Lieutenant Rugh and Mr. Ciminello? A. Lieutenant Rugh asked Mr. Ciminello if he was the manager, and he stated that he was the assistant manager.

"Q. I see. And any further conversation? A. And he asked him if he'd worked on the day prior, and he stated that he had. * * *"

(Remainder of answer stricken by trial court.)

There were other questions asked but the answers were stricken by the trial court on objection of the defendant, and what is set forth above appears to be all the testimony in support of the charge that Ciminello unlawfully suffered or permitted Shopper's Fair of Columbus, Inc., to be open on December 9, 1962. In the case of *State* v. *Bornstein* (1962), 90 Ohio Law Abs., 54, the headnote reads:

"Evidence which fails to show that defendant was actively in the management of the store when the illegal sale was made; that he actively participated in the unlawful act, either directly or as an aider, abettor or accessory; or as to whether he had any knowledge or any opportunity of gaining knowledge as to the alleged violation, is insufficient and does not render him liable of suffering or permitting a building to be opened for the transaction of business on Sunday in violation of Section 3773.24, Revised Code, and the mere fact that he has been elected president of the corporation by the board of directors,

176

whose duty it is to manage and direct the affairs of the corporation, is unsufficient to render him liable.''

In our opinion the evidence is insufficient, and the third error assigned must be sustained and the judgement of the court below must be reversed, and the cause remanded.

*Judgment reversed.*

DUFFY, P. J., and TROOP, J., concur.