CITY OF CINCINNATI, APPELLEE, *v.* DUVAL, APPELLANT.

[Cite as Cincinnati v. Duval (1970), 22 Ohio App. 2d 208.]

(No. 11020—Decided February 9, 1970.)

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. William B. Singer,* for Appellee.

*Messrs. Dolle, O'Donnell, Cash, Fee & Hahn* and *Mr. Jacob K. Stein,* for Appellant.

SHANNON, P. J. This is an appeal on questions of law from a judgment of guilt and sentence imposed thereon by the Hamilton County Municipal Court in a criminal case.

Inasmuch as it was stipulated at the outset of the proceedings that a violation of the ordinance under which defendant stands charged had occurred at the time and place alleged in the affidavit, there exists virtually no dispute factually.

A cafe known as "Chapter XIII" was located in the city of Cincinnati, being owned and operated by an Ohio corporation, Chapter XIII, Inc. Defendant owned forty-nine per cent of the stock of the corporation and held the

title of president. He maintained that he took no active part in the operation of the cafe, the day-to-day management of the establishment being entirely in the hands of a manager.

Defendant was charged on the affidavit of a private citizen with violation of Section 901-L8 of the Code of Ordinances of the city of Cincinnati, it being asserted that on May 16, 1969, at 11:58 p. m. he "did unlawfully permit loud music to be played in his establishment, to wit: Chapter XIII, located at 940 Pavilion Street." It is undisputed that at the time alleged defendant was not upon the premises but was in New York City.

The trial, itself, was unusual in that, although defendant entered a plea of not guilty to the charge, he stipulated "that there was a violation on May 16, 1969, at 11:58 p. m. as alleged in the affidavit." The prosecution rested in chief upon the stipulation. Thereupon, the defendant and several witnesses summoned by him testified, essentially, as set out above.

Section 901-L8 of the Code of Ordinances of the city of Cincinnati provides in pertinent part:

"It shall be unlawful for any person, association, firm or corporation, operating a restaurant, hotel, summer garden or other place of refreshment or entertainment to permit * * * the playing or rendition of music of any kind, singing, loud talking or other noises on or about the premises, in such manner as to disturb the peace and quiet of the neighborhood, having due regard for the proximity of places of residence, hospitals, or other residential institutions and to any other conditions affected by such noises.

"It shall be prima facie unlawful for any person, association, firm or corporation, operating a restaurant, hotel, summer garden or other place of refreshment or entertainment to permit * * * the playing or rendition of music of any kind, singing, loud talking or other noises on or about the premises during the night season after eleven o'clock p. m."

Defendant assigns as error prejudicial to his rights that the judgment is contrary both to law and the evidence.

As we see it, the issue is: Can the president of the corporation be held accountable for the violation of the ordinance in the absence of evidence that he engaged in the criminal act, actively or passively?

In 12 Ohio Jurisprudence 2d 673, Corporations, Section 548, it is stated:

"The fact that a person is an officer or agent of a corporation does not, of itself, impose criminal liability upon him for the violation of a criminal statute by the corporation. * * * before a corporate officer can be guilty of the violation of a penal statute, it must appear that he was either actively engaged in the performance or direction of the act complained of, or that he knew of the violation or proposed violation of the law, and that although he had the authority to prevent its occurrence or continuance he failed to do so. * * *"

The above was interpreted and applied by the Court of Appeals for Hancock County, in *State* v. *Bornstein,* 90 Ohio Law Abs. 54. The case before us compels its application because there is no evidence that the defendant, Duval, knew of the likelihood or possibility of a violation of the ordinance and took no action to prevent it.

There is nothing to show a course of conduct by those responsible for the operation of Chapter XIII of such nature as to be offensive under the terms of the ordinance.

Since it is uncontroverted that defendant was not upon the premises at the time of the act complained of, it cannot be said that he actively participated in the proscribed conduct.

The mere fact that Duval was president of the corporation is insufficient to render him liable under the ordinance for the violation with which he was charged.

The judgment of conviction is reversed, and the defendant is discharged.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.