THE STATE OF OHIO, APPELLEE, *v.* GORDON, APPELLANT.

(No. 9821—Decided January 26, 1971.)

*Mr. C. Howard Johnson,* prosecuting attorney, and *Mr. David H. Bodiker,* for appellee.
*Mr. Donald B. Ruben,* for appellant.

WHITESIDE, J. This is an appeal upon questions of law from a judgment of the Court of Common Pleas for Franklin County wherein the defendant, appellant herein, was found guilty of a second offense of operating a motor vehicle without the owner's consent.

The defendant raises four assignments of error, all of which relate to the repeated injection into the record of the fact that the appellant was previously convicted of an identical offense. The first assignment of error is predicated upon alleged misconduct of the assistant prosecuting attorney in his opening statement. The second assignment of error is predicated upon the reading of the indictment to the jury and submitting the indictment to the jury. The third assignment of error is predicated upon the failure of the trial court to instruct the jury as to the proper use to be made of the evidence of a prior conviction, and the fourth assignment of error is that defendant's defense attorney, appointed by the court, was ineffective because of his failure to insist that the jury be so instructed.

The repeated injection into the record of the fact of defendant's prior conviction was apparently predicated upon the assumption by the assistant prosecuting attorney, defense attorney, and the trial court that this was an issue to be determined by the jury. This is apparently a common assumption. In 4 Ohio Jury Instructions 219, Verdicts, Section 413.35, the following prefatory comment is made:

"Several statutes impose a greater penalty for a second conviction for the same offense. In such situations the indictment must allege and the jury must return a finding on the prior conviction."

Section 413.35 also contains a concluding comment as follows:

"There is no reason to submit the issue of the prior offense if the defendant stipulates its existence prior to trial and waives its submission to the jury.

"The Ohio rule requiring the jury to determine the issue of a prior conviction is prejudicial to the defendant. A fairer procedure would be to submit the evidence on the

issue of a prior conviction to the same jury or, better, to the court after the verdict on the current charge. Usually it is a matter of law and relates to the punishment."

The Supreme Court of Ohio has specifically held that it is necessary to aver in the indictment the fact that the offense charged is a second offense in order to justify the greater punishment for a second or subsequent violation. See *Larney* v. *City of Cleveland* (1878), 34 Ohio St. 599. However, this court has been unable to find any requirement that the issue of prior conviction be submitted to the jury in a situation such as this, where the fact of a prior conviction for the identical type of offense is relevant only for the purpose of enhanced punishment for the subsequent offense and is not an element of the offense for which the accused is being tried. On the contrary, the question of punishment is ordinarily one solely for the court and, accordingly, those issues bearing solely upon the question of punishment should be submitted to the court for determination rather than to the jury. This court concurs with the comment in Ohio Jury Instructions that submitting the issue of prior conviction to the jury is prejudicial to a defendant being tried for a later offense. This is especially true where the jury is not instructed as to the limited purpose for which the evidence bearing upon that issue may be considered.

In this case, the fact of the prior conviction was stipulated. The trial court did not submit to the jury the issue of a prior conviction, nor did the trial court explain, in any manner, to the jury the reason why such evidence was admitted, or place any limitation upon the use of such evidence by the jury. Defense counsel did object to the reading of the stipulation to the jury but the objection was overruled. However, it does not clearly appear from the record that the stipulation was in fact read to the jury.

During opening statements, the assistant prosecuting attorney stated:

"Now, the evidence will show that this is not the first time that Ralph Gordon has been involved in this type of offense. The evidence will come in, a prior case in this

very Court, Case No. 45,044, the Defendant was convicted after jury trial of operating a motor vehicle without the owner's consent. He was sent to the Ohio Reformatory.''

The following dialogue then took place:

''Mr. Beatty: I'm going to object to this, your honor. I don't thing this is proper. Counsel, excuse me for interrupting you in opening statements like this, but, now, certainly, I think he has every right to make statements about what the evidence is going to show pertaining to this man being found guilty in a prior trial, Your Honor. I've told the jury the man was guilty. But, I mean, this business about the man being sent to Mansfield—

''The Court: Objection sustained. The jury will disregard.

''Mr. Pelteson: This I necessarily have to put in my opening statement because, ladies and gentlemen, the Grand Jury in the September Term of this year did find this indictment, and I'll read it to you:''

The assistant prosecuting attorney then proceeded to read the indictment to the jury. He then continued as follows:

''Now, they in turn were confronted with this as the Grand Jury because—the judge will explain the law to you. There is a law known as Second Offense Operating, which is a little different from First Offense Operating. So this is the only reason for my comment about the defendant. I don't mean to be unfair to him. I'm expected to prove some of this, ladies and gentlemen. That's my responsibility as a sworn public official.''

The assistant prosecuting attorney further commented upon the prior conviction and prompted a retort as is indicated by the following:

''I don't wish to comment about the prior offense, but we have heard that this occurred in early 1968.

''On May 3, 1968, the evidence will show that the defendant at that particular time stood trial and certain things transpired pursuant to that.

''So, here we are a little bit more than a year afterwards. So it's obvious that the defendant was released,

somebody took a chance on him in the interim and again the same thing happened.

"Mr. Beatty: Note my objection, your honor.

"The Court: Sustained.

"Mr. Pelteson: Well, all right. Again, it is my responsibility to bring you these facts. I don't apologize for them. I say there's a pattern here, ladies and gentlemen, and after you have heard the evidence from all the witnesses there will be no question of reasonable doubt in your minds."

Well over half of the opening statement of the assistant prosecuting attorney was devoted to the issue of prior conviction. Only two paragraphs of the opening statement were devoted to the facts of the instant offense.

Defense counsel in his opening statement also referred to the prior conviction as follows:

"Now, ladies and gentlemen, I cannot actually ask you a question now, but I thought—in voir dire examination, at least, I thought I did state that the man has a prior record; that he had been convicted of this before. I thought I did. If I didn't, pardon me * * *."

Also in his opening statement, defense counsel stated:

"* * * We're not contesting the fact the man's been convicted of this before * * *."

Despite this concession by defense counsel in his opening statement, the assistant prosecuting attorney again went into the issue of the prior conviction at which time a stipulation previously referred to was made.

The defendant took the stand and testified in his own defense. He admitted operating the motor vehicle in question, but testified that he was given the key to the automobile by a Ronald Straughter. He claimed that he operated the vehicle thinking it belonged to Mr. Straughter, and that he had permission to operate it. Mr. Straughter was called as a witness by the prosecution and denied the defendant's story and denied knowing anything about the automobile.

On cross-examination, defendant admitted that, at the trial of the previous conviction, he gave similar testimony

that someone gave him the key to the automobile he operated at that time. This was probably proper cross-examination for the purpose of impeachment. The defendant also admtted another prior conviction for the same type of offense on cross-examination.

In *State* v. *Crafton* (1968), 15 Ohio App. 2d 160, the Court of Appeals for Guernsey County held that where evidence of similar offenses is admitted pursuant to R. C. 2945.59, it is réversible error for the trial court to fail to instruct the jury as to the limited purpose for which such evidence is admitted, even though no request for such instruction is made. That court relied upon *Baxter* v. *State* (1914), 91 Ohio St. 167, and *State* v. *Pope* (1961), 171 Ohio St. 438. However, in *Patterson* v. *State* (1917), 96 Ohio St. 90, the following is stated in the third paragraph of the syllabus:

"Where evidence relating to the larceny of C's car committed in pursuant of such criminal plan is offered by the state, such evidence is competent. And where the accused objected to such evidence solely because he had been tried and acquitted of such larceny but made no objection otherwise and made no request that the same should be limited to the purpose of proving such plan, he cannot in a court of error complain that the trial court erred in not limiting such evidence to the purpose stated."

The court in the *Patterson* case distinguished the *Baxter* case on the grounds that while counsel in the latter case did not specifically request a limiting instruction, he did bring to the attention of the court that the evidence was admissible only for a limited purpose. Likewise, in the instant case, while the defense counsel did not request a limiting instruction either at the time such evidence was introduced or reference was made thereto in the opening statement, or at the conclusion of the general charge, he did, during the trial, bring to the attention of the court the fact that the evidence, if admissible at all, was admissible for a limited purpose.

There can be no doubt that the defendant was entitled to have the jury instructed that the evidence concerning

prior conviction, if admissible at all, could be considered only for a limited purpose and could not be considered as evidence of his guilt of the charge for which he was being tried. It makes no difference whether the duty to make certain that the jury was so charged rested upon the court or upon defense counsel appointed by the court because in either event the appellant was denied a fair trial. In other words, if the third assignment of error is not well taken, the fourth assignment of error must be well taken in this regard.

The reason for limiting evidence of a prior conviction is stated in McCormick, Evidence, Section 157 (1954), as follows:

"The disfavor for receiving proof of the character of a person as evidence that on a particular occasion he acted in keeping with his disposition is strongly felt when the state seeks to show that the accused is a bad man and thus more likely to have committed the crime. The long-established rule, accordingly, forbids the prosecution, unless and until the accused gives evidence of his good character, to introduce initially evidence of the bad character of the accused. It is not irrelevant, but in the setting of a jury-trial the danger of prejudice outweighs the probative value.

"This danger is at its highest when character is shown by other criminal acts, and the rule about the proof of other crimes is but an application of the wider prohibition against the initial introduction by the prosecution of evidence of bad character."

In the instant case, the indictment containing the allegation of the prior conviction was read to the jury by the assistant prosecutor in the opening statement, was read to the jury by the court in its charge, and was submitted to the jury. There is no better reason to send the indictment to the jury in a criminal case than there is to send the pleadings to a jury in a civil case, and such practice is to be discouraged. In the ordinary case, there is probably no prejudice to the defendant resulting from sending the indictment to the jury. However, where as

here, an indictment containing an allegation of a prior conviction is not only sent to the jury but is read to the jury two times during the trial with no limiting instruction other than the general instruction that the indictment is not evidence, the danger of prejudice is obvious.

In this case, we have the misconduct of the assistant prosecuting attorney in his opening statement, the sending and reading of the indictment to the jury, the failure of the trial court to instruct the jury as to the limited purpose for which such evidence of a prior conviction should be considered, and the failure of defense counsel to request such an instruction. Perhaps no one of these standing alone would constitute prejudicial error in a case where the evidence of guilt was substantial. However, the existence of all of them under the circumstances of this case does constitute prejudicial error.

Accordingly, the judgment of the Court of Common Pleas is reversed and this cause remanded to that court for a new trial.

*Judgment reversed.*

TROOP, P. J., and HOLMES, J., concur.