THE STATE OF OHIO, APPELLANT, *v.* GORDON, APPELLEE.

[Cite as State v. Gordon (1971), 28 Ohio St. 2d 45.]

(No. 71-264—Decided November 10, 1971.)

*Mr. George C. Smith,* prosecuting attorney, and *Mr. David H. Bodiker,* for appellant.
*Mr. Donald B. Ruben,* for appellee.

HERBERT, J. Before a greater punishment for a second or subsequent offense may be inflicted in this state, it is essential that the indictment or information aver that the

offense charged is a second or subsequent offense. *Larney v. Cleveland* (1878), 34 Ohio St. 599; *Columbus v. Carson* (1927), 23 Ohio App. 299, 155 N. E. 498; *State v. Simpson* (1969), 20 Ohio App. 2d 336, 254 N. E. 2d 23; *State v. Gordon, supra* (26 Ohio App. 2d 270, 272).

While the instant case presents no challenge to that proposition, the court below was unable to find "any requirement that the issue of prior conviction be submitted to the jury in a situation such as this, where the fact of a prior conviction for the identical type of offense is relevant only for the purpose of enhanced punishment for the subsequent offense and is not an element of the offense for which the accused is being tried." *State v. Gordon, supra,* at page 272.

In *Byler v. State* (1927), 26 Ohio App. 329, 333, 157 N. E. 421, the court stated:

"It must and will, no doubt, be conceded that a former conviction enters into, is a part of, and one of the elements of, the alleged second offense.

"If that be true, then, to convict of a second offense, the first offense must be made out by that degree of evidence required by law. * * *"

In *State v. Bowman* (1962), 116 Ohio App. 285, 287, 187 N. E. 2d 627, it was noted that:

"* * * A necessary element of the charge [of second offense] is that appellant has committed a second offense. There can be no second offense without a first offense. * * *

"* * * The prior conviction, being a necessary element of the charge, must, of course, be established by the evidence. * * *"

At page 337 in the opinion in *State v. Simpson, supra,* Judge Younger observed:

" 'Having previously been convicted' is now a necessary element of the new offense and must be proved beyond a reasonable doubt by the state. This includes the question of identity. * * *

"* * *

"It is not sufficient that at the time of sentencing

the prosecutor should suggest to the court that this is a second offense and that enhanced punishment must be inflicted. That would make the prosecution for one offense with the penalty being imposed for another offense * * *."

An analogous situation was presented to this court in *Blackburn* v. *State* (1893), 50 Ohio St. 428. 36 N. E. 18. That case involved an interpretation of the Habitual Criminal Act of 1885 (82 Ohio Laws 236, 237), which, as an early predecessor of our current habitual criminal law, was silent on the question of the role of a jury. There, we said that "to authorize a sentence of imprisonment for life under that statute, the indictment should allege that the defendant had been previously twice convicted, sentenced and imprisoned, in some penal institution for felonies, describing each separately. In such case the grand jury, at the time it finds an indictment for the third felony, is authorized, if the evidence warrants it, to include in the indictment the facts that the accused had been so convicted, sentenced and imprisoned; *and if the trial jury, in their verdict, find these facts to be true, and also convict him of the third felony*, the court, after passing sentence of imprisonment for a specific term, as prescribed by the statute, should proceed to sentence him to imprisonment for his natural life." (Emphasis added.) *Blackburn* v. *State, supra,* at page 429.

We reach the same result here. The defendant faces a possible felony conviction for a second offense, while a first offense is punishable only as a misdemeanor. The state must be put to its proof regarding the identity of the accused in the prior offense and must demonstrate the fact of such prior offense beyond a reasonable doubt. The jury must then find that fact to be established and also convict the defendant of the second violation, in order for the court to impose the greater punishment.

There is a considerable body of case law from other jurisdictions that parallels our conclusion here.

"It is a general rule that on a charge of a 'second or subsequent' offense, the question of a prior conviction is

an essential element of the offense charged, and is an issue of fact to be determined by a jury." *Sparkman* v. *State Prison Custodian* (1944), 154 Fla. 688, 692, 18 So. 2d 772. See, also, *State* v. *Fernandez* (Fla. 1963), 156 So. 2d 400; *State* v. *Aime* (1923), 62 Utah 476, 220 P. 704; *Winston* v. *State* (1938), 186 Ga. 573, 198 S. E. 667; *State* v. *Findling* (1913), 123 Minn. 413, 144 N. W. 142; *State* v. *Beaudoin* (1932), 131 Me. 31, 158 A. 863; *Cook* v. *Smith* (1969), 303 F. Supp. 90; *Massey* v. *United States* (C. C. A. 8, 1922), 281 F. 293.

This is not to say that other views do not exist. In *Dye* v. *Skeen* (1950), 135 W. Va. 90, 62 S. E. 2d 681, for instance, it was held that it was a matter of law, not fact, whether defendant had been twice before convicted within the meaning of the West Virginia habitual criminal statute.

However, in *Spencer* v. *Texas* (1967), 385 U. S. 554, 560, 17 L. Ed. 2d 606, 87 S. Ct. 648, the United States Supreme Court stated:

"Nor is it contended that it is unconstitutional for the jury to assess the punishment to be meted out to a defendant in a capital or other criminal case, *or to make findings as to whether there was or was not a prior conviction* even though enhanced punishment is left to be imposed by the judge. The states have always been given wide leeway in dividing responsibility between judge and jury in criminal cases. *Hallinger* v. *Davis*, 146 U. S. 314; *Maxwell* v. *Dow*, 176 U. S. 581; *cf. Chandler* v. *Fretag*, 348 U. S. 3; *Giaccio* v. *Pennsylvania*, 382 U. S. 399, 405, n 8." (Emphasis added.)

Appellee has also urged that if the jury is to decide the question of prior conviction, it should not receive any allegation or evidence of the prior conviction until it has returned a verdict of guilty on the current charge. This would provide defendants with a bifurcated trial. In discussing such trials, the United States Supreme Court has said:

"* * * Two-part jury trials are rare in our jurispru-

dence; they have never been compelled by this court as a matter of constitutional law, or even as a matter of federal procedure. With recidivism the major problem that it is, substantial changes in trial procedure in countless local courts around the country would be required were this court to sustain the contentions made by these petitioners. This we are unwilling to do. To take such a step would be quite beyond the pale of this court's proper function in our federal system. It would be a wholly unjustifiable encroachment by this court upon the constitutional power of states to promulgate their own rules of evidence to try their own state-created crimes in their own state courts, so long as their rules are not prohibited by any provision of the United States Constitution, which these rules are not.'' *Spencer* v. *Texas, supra,* at page 568. See, also, *Cook* v. *Smith, supra* (303 F. Supp. 90).

*A fortiori,* since it is within the jury's power to hear and receive evidence of the prior conviction and to weigh the same in a one-stage trial, appellee's argument that juries should be denied access to the indictment prior to reaching a verdict is not well taken.

Nor can we agree to appellee's proposition that the failure of the trial court to give special limiting instructions concerning the proper use of this prior conviction evidence is reviewable upon the instant record. As we have often stated, an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. *Adams* v. *State* (1874), 25 Ohio St. 584; *State* v. *McCoy* (1913), 88 Ohio St. 447, 103 N. E. 136; *State* v. *Driscoll* (1922), 106 Ohio St. 33, 138 N. E. 376; *Tari* v. *State* (1927), 117 Ohio St. 481, 159 N. E. 594; *Rucker* v. *State* (1928), 119 Ohio St. 189, 162 N. E. 802; *State* v. *Tudor* (1950), 154 Ohio St. 249, 95 N. E. 2d 385; *Rhoades* v. *Cleveland* (1952), 157 Ohio St. 107, 105 N. E. 2d 2; *State* v. *Glaros* (1960), 170 Ohio St. 471, 475, 166 N. E. 2d 379; *State* v. *Lancaster*

(1971), 25 Ohio St. 2d 83, 267 N. E. 2d 291; and *State* v. *Childs* (1968), 14 Ohio St. 2d 56, 236 N. E. 2d 545.

We reaffirm that proposition in the instant case. The objection to the trial court's omission should have been made at the trial, at a time when the trial court had an opportunity to correct it.

"Any other rule would relieve counsel from any duty or responsibility to the court and place the entire responsibility upon the trial court to give faultless instructions upon every possible feature of the case, thereby disregarding entirely the true relation of court and counsel which enjoins upon counsel the duty to exercise diligence and to aid the court rather than by silence mislead the court into commission of error. * * *" *State* v. *Driscoll, supra,* at page 39.*

Finally, appellee presents us with the argument that the misconduct of the assistant prosecuting attorney at the trial, *i. e.,* his repeated references to a prior conviction during his opening remarks, is grounds for reversal or a new trial. The basis of this charge of misconduct rests upon the premise that the jury should not have received any allegations or evidence of the prior conviction. We have this day denied that premise. Therefore, the possible prejudicial effect that the prosecutor's words might have had in any other situation is not a question for this court to properly consider now.

Accordingly, the judgment of the Court of Appeals is reversed, the judgment of the Court of Common Pleas is affirmed, and the cause is remanded to the trial court for execution of sentence.

*Judgment reversed.*

SCHNEIDER, CORRIGAN and LEACH, JJ., concur.
O'NEILL, C. J., DUNCAN and STERN, JJ., dissent.

---

. *See, also, Civil Rule 51(A), effective July 1, 1971.