DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Stephen Hopkins appeals the order of the Lorain County Court of Common Pleas, denying his motion to strike a prior conviction specification from a felony domestic violence indictment. We affirm.
On November 25, 1997, Hopkins was indicted for domestic violence, in violation of R.C. 2919.25(A). The indictment had a prior conviction specification for a 1995 domestic violence conviction, which enhanced the current charge from a first degree misdemeanor to a fifth degree felony.[1] R.C. 2919.25(D). If convicted on the current felony charge, Hopkins faced a minimum possible sentence of six months, as opposed to the maximum of six months without the prior conviction specification.
On March 24, 1998, Hopkins moved to strike the prior conviction specification from the indictment, alleging a constitutional infirmity in the prior conviction. Hopkins' brief in support of the motion to strike stated that he had not been represented by counsel, that his waiver of counsel was not knowing and voluntary, and that the waiver did not comport with the requirements of Crim.R. 22 and Crim.R. 44(A). Hopkins offered no evidence in support of these assertions. Rather, he pointed to the record, which he argued did not affirmatively show that the prior conviction was constitutionally firm. The issue was complicated by the fact that a recording of the trial court proceeding no longer exists. Hopkins argued to the court below that because of the constitutional infirmity of the 1995 conviction, it could not be used to enhance the current charge from a misdemeanor to a felony.
After a hearing on the motion to strike, the trial court denied Hopkins' motion. Hopkins then entered a no contest plea and was sentenced to three years of community control with thirty days to be served in jail. He now appeals, assigning the following error:
THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO STRIKE PRIOR CONVICTION FROM THE INDICTMENT AND DECLARE THE CHARGED OFFENSE A MISDEMEANOR AND MOTION IN LIMINE [sic].
Where, as here, a prior conviction is used to enhance the degree of the instant crime, the prior conviction becomes an element of the offense. See State v. Gordon (1971), 28 Ohio St.2d 45, paragraph one of the syllabus. As with any element of a crime, the prosecution must prove the prior conviction beyond a reasonable doubt. Id., at 48. The prosecution may do this by submitting a certified copy of the trial court record of the prior conviction, along with evidence establishing that the defendant was the individual previously convicted. R.C. 2945.75(B); Statev. O'Neil (1995), 107 Ohio App.3d 557, 559.
However, the defendant may challenge the use of the prior conviction for enhancement purposes by alleging a constitutional infirmity in the prior proceedings. "When a defendant raises a constitutional question concerning a prior conviction, he must lodge an objection as to the use of this conviction and he must present sufficient evidence to establish a prima facie showing of a constitutional infirmity." State v. Adams (1988), 37 Ohio St.3d 295, paragraph two of the syllabus. Unless and until the defendant makes such a prima facie showing of the alleged infirmity, "a reviewing court must presume all underlying proceedings were conducted in accordance with the rules of law."State v. Brandon (1989), 45 Ohio St.3d 85, at the syllabus.
Like the defendant in Brandon, Hopkins asserted that he was uncounseled in the prior conviction. He was therefore required to produce some evidence that (1) he was not represented by counsel, and (2) his waiver of counsel was not knowing and voluntary. SeeState v. Carrion (1992), 84 Ohio App.3d 27, 31. The Supreme Court in Brandon noted that this is not a heavy burden:
 Had appellee's counsel simply asked appellee during testimony whether his prior convictions were counseled, a negative response would have established a prima-facie showing of constitutional infirmity. This one question and answer would have then placed on the state the burden of proving that appellee's prior convictions were counseled. Because appellee failed to meet his burden, we presume his prior convictions were counseled.
Brandon, 45 Ohio St.3d at 88.
Like the defendant in Brandon, Hopkins did not present evidence that he was uncounseled at the time of his prior conviction. Although he filed a motion to strike the prior conviction, he presented no evidence in support thereof, by way of a sworn affidavit or testimony to that effect at the subsequent hearing. Nor did he point to evidence in the record that supported his assertion that he was improperly uncounseled. Rather, Hopkins pointed to the court record in the prior case, and asserted that it did not affirmatively show that his prior conviction was constitutionally sound. However, as the Supreme Court stated in Brandon, until the defendant presents some evidence to establish a prima facie showing of constitutional infirmity, the burden of proof will not shift to the prosecution to show that the prior conviction was constitutionally sound. Id.
Because Hopkins failed to present some evidence to establish a prima facie showing of the constitutional infirmity, the trial court below, and this Court in review, must presume the regularity of the proceedings in the prior conviction. Id.; see, also, Statev. Ocepek (Apr. 15, 1998), Summit App. No. 18542, unreported, at 4. Thus, the trial court appropriately denied Hopkins' motion to strike the prior conviction specification from the indictment.
We overrule Hopkins' assignment of error, and affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD FOR THE COURT
CARR, J., WHITMORE, J., CONCUR
[1] The original indictment specified a domestic violence conviction in 1991. The prosecution moved to amend the indictment to specify the 1995 conviction, and the court permitted the amendment. Hopkins's original motion to strike referenced the 1991 conviction; however, at the hearing on the motion to strike, Hopkins raised the same issues with reference to the 1995 conviction as were implicated in his original motion to strike. The hearing on the motion to strike dealt with the constitutional adequacy of the 1995 conviction.