OPINION
Plaintiff, Pamela Garvic, appeals from a summary judgment rendered in favor of Defendants, Dennis E. McClure, M.D. and Dennis E. McClure, M.D., Inc., on Garvic's claims for medical malpractice.
On February 24, 1995, Dr. McClure performed surgery to remove lesions from Garvic's brain. Thereafter, Garvic experienced dizziness, disorientation, and a significant disturbance of her motor movements. She commenced an action for medical malpractice against McClure and his professional corporation.
After the initial pleadings were filed, the trial court issued itsFinal Pretrial Order on December 13, 1999. It set June 13, 2000 as a date for motions for summary judgment and August 14, 2000 as a cut off date for discovery.
On June 12, 2000, one day prior to the court's deadline date, Defendant McClure orally requested an extension of time in which to file a motion for summary judgment. The court granted an additional seven days, exparte, by written order. Plaintiff Garvic did not object to the extension.
McClure filed a motion for summary judgment on June 16, 2000. Garvic failed to respond. The trial court granted McClure's motion on July 28, 2000. Garvic filed a timely notice of appeal.
 ASSIGNMENT OF ERROR THE COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, OHIO ERRED TO THE SUBSTANTIAL PREJUDICE OF PLAINTIFF-APPELLANT PAMELA GARVIC, AS A MATTER OF LAW, BY ACCEPTING AN ENTRY TO APPROVE EX PARTE; BY GRANTING DEFENDANTS-APPELLEES LEAVE OF COURT TO FILE AN UNTIMELY MOTION FOR SUMMARY JUDGMENT WITHOUT FIRST ESTABLISHING EXCUSABLE NEGLECT ON THE PART OF DEFENDANTS-APPELLEES DENNIS E. McCLURE, M.D. AND DENNIS E. McCLURE M.D. INC.; AND BY GRANTING DEFENDANTS-APPELLEES LEAVE OF COURT WITHOUT OFFERING ANY BASIS OR REASONING FOR THE COURT'S ORDER.
Garvic first argues that the trial court abused its discretion when it granted McClure's ex parte request for an extension of the motion for summary judgment deadline date the court had previously set in its Final Pretrial Order. Garvic argues that such an extension requires a showing of excusable neglect by the party requesting it.
Civ.R. 6(B) states:
 When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rule 50(B), Rule 59(B), Rule 59(D), and Rule 60(B), except to the extent and under the conditions stated in them.
McClure's request for an extension of time within which to move for summary judgment was made within the period that the court had set to file that form of motion. The excusable neglect requirement of Civ.R. 6(B) applies only to requests made after the applicable period has expired. Speaks v. Anderson (January 21, 1998), Franklin App. No.87AP-780, unreported. The court was required only to find that cause to grant the request was shown.
The record does not reflect what cause was shown by McClure which prompted the court to grant the request for extension. The motion was oral, not in writing as Civ.R. 7(B)(1) requires. Had Garvic objected to that failure, the court might have identified for the record the cause that it found. Garvic's failure to object avoided that result. More importantly, because an appellate court will not consider any error which could have been called to the trial court's attention for correction but was not, Garvic's failure to object waives the error alleged. State v.Gordon (1971), 28 Ohio St.2d 45.
Garvic also argues that the trial court abused its discretion when it granted McClure's motion for summary judgment on July 28, 2000, more than two weeks before the August 14, 2000 discovery cut off set in the Final Pretrial order. Garvic argues that he was entitled to additional time until that date to obtain the evidence he needed to respond to McClure's motion for summary judgment.
Discovery is not the only source for evidence with which to oppose a motion for summary judgment. Indeed, such evidence ordinarily comes from outside sources, though some prior discovery may be necessary to learn what evidence is needed.
Garvic does not explain how her need to obtain additional evidence was prejudiced by the court's failure to observe the discovery cut off date in its Final Pretrial Order. If she had such a need, Garvic's remedy was a Civ.R. 56(F) motion for additional time to obtain facts essential to justify her opposition to McClure's summary judgment motion, which per Civ.R. 56(C) governed the time for reply. Garvic's failure to request an extension waives the error she has assigned.
The assignment of error is overruled. The judgment of the trial court will be affirmed.
 ____________________ GRADY, P.J.
WOLFF, J. and FAIN, J., concur.