DECISION AND JUDGMENT ENTRY
Gary West appeals the Adams County Court judgment in favor of Joel and Sherry Barnett, dba Barnett's Body Shop Garage. West contends that the trial court erred in finding that he owed Barnett for repairs to his car and that Barnett was not liable for damages to his car. Specifically, West contends that the trial court's judgment is not supported by sufficient evidence. Since West failed to preserve that issue for review by moving for a directed verdict, we decline to address it. West also asserts that the trial court's judgment is against the manifest weight of the evidence. Because the record contains some competent, credible evidence supporting the trial court's judgment, we disagree. Accordingly, we affirm the judgment of the trial court.
 I.
West took his car to Barnett for repairs in February 1999. Barnett performed repairs to the top part of the engine and to the timing chain. At trial, Barnett testified that, in hindsight, he should have also repaired the bottom part of the engine at that time. Barnett avoided repairing the bottom part of the engine to help West save money. West paid Barnett over nine hundred dollars for the repairs to the top part of the engine and the timing chain.
On July 4, 1999, West returned his car to Barnett for problems that Barnett testified were unrelated to the February 1999 repairs. Barnett "overhauled" the engine. The items which he billed West for replacing included an oil filter, an oil pump, rod bearings, and main bearings. However, when West went to pick up his car on August 7, 1999, he was not satisfied with the way it operated. Additionally, West asked Barnett to reduce the bill, because he felt that the February repairs should have been guaranteed.
Barnett agreed that West's car was still not performing properly, and he made additional repairs over the next several days, including replacing the transmission filter and transmission fluid. Additionally, Barnett agreed to reduce West's bill by one hundred fifty dollars, bringing the total bill from $1,305.16 to $1,155.16.
Barnett believed that West had no intention of paying the bill, and he threatened to call the sheriff if West tried to leave with the car. West complained that additional repairs still needed to be made. Eventually, Barnett made additional repairs, West wrote a check to Barnett, and Barnett delivered the car to West.
On the same night that West received his car from Barnett, he noticed a leak. West called Barnett, but Barnett did not return his call. Over the next several days, Barnett did not return several of West's calls, and West stopped payment on the check. Two weeks later, West took his car to Big E's garage.
Eric Mullis, the owner of Big E's garage, informed West that the transmission filter had never been changed and that the transmission fluid was contaminated with antifreeze. Mullis opined that Barnett billed West for transmission repairs that never were performed. Mullis repaired the transmission at a cost of $645.52, and West paid the bill.
West drove his car for a few weeks before he started to have problems with it again. At that point, he took the car to Protech Autocare. John Casey of Protech Autocare diagnosed the problem as a spun bearing caused by a lack of engine oil. Casey also testified at trial that the work that had previously been done on the engine was not done in a fashion that is acceptable by automotive repair industry standards. However, Casey could not say whether errors in the previous repairs caused the spun bearing. Casey explained that a spun bearing causes such damage to a vehicle that the entire engine must be replaced. Casey opined that it would cost $4,564.50 to fix West's car.
Barnett filed a complaint seeking to collect the amount of the original bill, $1305.16. West filed an answer and counterclaim alleging that Barnett's failure to repair his car in a workmanlike manner caused him to incur additional repair costs. The matter proceeded to a bench trial at which Barnett, West, Mullis, and Casey testified. The trial court issued a judgment entry finding in favor of Barnett.
West appeals, asserting in a single assignment of error that the trial court erred by awarding judgment in favor of Barnett and dismissing his counterclaim. In support of this assertion, West presents two issues for our review:
I. The trial court's judgment was not supported by sufficient evidence in the record to support the judgment as a matter of law.
II. The trial court's judgment was against the manifest weight of the evidence.
 II.
In his first issue presented for our review, West challenges the sufficiency of the evidence. In a civil trial, a party may challenge the sufficiency of the evidence by moving for a directed verdict. See Civ.R. 50(A)(4); Ruta v. Breckenridge-Remy Co. (1982), 69 Ohio St.2d 66, 68-69;O'Day v. Webb (1972), 29 Ohio St.2d 215, paragraph four of the syllabus. In ruling upon a motion for a directed verdict, the trial court must determine whether there is sufficient credible evidence to permit reasonable minds to reach different conclusions. O'Day, supra, at paragraph four of the syllabus. Testing the legal sufficiency of the evidence does not involve examining its weight or the credibility of the witnesses. Ruta, supra, 68-69.
In this case, West did not move for a directed verdict. Thus, West failed to raise a challenge to the sufficiency of the evidence in the trial court. Therefore, he has waived the argument on appeal, and we will not consider it. Stores Realty v. Cleveland (1975), 41 Ohio St.2d 41,43; State v. Gordon (1971), 28 Ohio St.2d 45, paragraph two of the syllabus; State v. Lent (1997), 123 Ohio App.3d 149, 156; Lippy v.Society Natl. Bank (1993), 88 Ohio App.3d 33.
 III.
In his second issue presented for review, West contends that the trial court's judgment is against the manifest weight of the evidence. A reviewing court will not reverse a judgment as being against the manifest weight of the evidence when the judgment is supported by some competent, credible evidence going to all the essential elements of the case. C.E.Morris Co. v. Foley Construction Co. (1978), 54 Ohio St.2d 279, syllabus. When conducting its review, an appellate court must make every reasonable presumption in favor of the trial court's findings of fact.Myers v. Garson (1993), 66 Ohio St.3d 610, 614; Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80.
In this case, Barnett testified that he performed the repairs listed on the bills and that he did so in a workmanlike manner. Specifically, Barnett contested Mullis' testimony that the oil pan was never removed from West's car. Barnett testified that West's car was smoking when West brought it in, and that the car stopped smoking after he repaired it. Barnett stated that he has receipts to verify that he purchased the parts he put into West's car.
Additionally, Barnett testified that the work he performed on West's car would not have caused the spun bearing. Barnett contended that he would have heard the engine knocking if West had a spun bearing when he worked on the car. Barnett also argued that West would not have been able to drive his car for as long as he did if Barnett had caused the spun bearing. Although the evidence, in our view, tends to support West's version of the facts, Barnett's testimony constitutes some competent, credible evidence supporting the trial court's judgment. We cannot say, after making every reasonable presumption in favor of the trial court's findings of fact, that the trial court's judgment is against the manifest weight of the evidence. Accordingly, we overrule West's assignment of error.
 IV.
In conclusion, we decline to address West's first issue presented for review. With regard to the second issue he presented for our review, we find that the trial court's judgment is not against the manifest weight of the evidence. Accordingly, we overrule West's assignment of error and affirm the judgment of the trial court.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellees recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 for the Rules of Appellate Procedure.
Exceptions.
 _______________________________ Roger L. Kline, Presiding Judge
Abele, P.J. and Evans, J.: Concur in Judgment and Opinion.