DECISION AND JUDGMENT ENTRY
Jimmy L. Strong appeals his conviction in the Lawrence County Court of Common Pleas for felonious assault and having weapons while under a disability. On appeal, Strong contends that he did not receive effective assistance of counsel. Because we find that Strong's counsel provided him with reasonable professional assistance and that the result of Strong's trial would not have been different but for his counsel's performance, we disagree. Additionally, Strong filed a pro se brief in which he contends that the jury's verdict is against the manifest weight of the evidence. In support of this assignment of error, Strong asserts that the trial court erred, pursuant to Evid.R. 609, in permitting the state to introduce evidence of a prior conviction over ten years old. Because the state introduced Strong's prior conviction as evidence of an element of the crime charged, and not as evidence of credibility, we disagree. Additionally, in support of his contention that his conviction is against the manifest weight of the evidence, Strong asserts that: (1) the trial court erred in failing to correct omissions in the trial court's records, (2) the jury did not hear witnesses who would have testified that the victim originally did not want to press charges, and (3) he was denied his right to testify in his own defense. Because review of Strong's contentions requires us to look outside the record, we cannot consider them on direct appeal. Moreover, we note that Strong's contentions do not support his argument that his convictions are against the manifest weight of the evidence. Accordingly, we overrule Strong's assignments of error and affirm the judgment of the trial court.
 I.
On April 21, 2000, Strong, Allen Gwilliams, Harry Tipton, and several others were consuming alcohol at Harry Tipton's salvage yard. Strong and Gwilliams negotiated a trade of guns. Strong brought his shotgun to the building at Tipton's salvage yard for Gwilliams to inspect. Gwilliams decided not to trade guns with Strong.
During Gwilliams and Strong's discussion, Strong's shotgun discharged. Tipton demanded that Strong remove the shotgun from his premises. Strong did not immediately comply, and Tipton and Strong began arguing. Tipton then removed a .22 caliber revolver from his desk, showed Strong the revolver, and ordered Strong to leave. In the ensuing altercation, Strong overpowered Tipton and disarmed him, but caused severe injuries to Tipton's head and face in the process. Several people witnessed the altercation, including Tipton's minor son and his son's friend.
The Lawrence County Grand Jury indicted Strong on one count of felonious assault, a violation of R.C. 2903.11, and one count of having weapons while under a disability, a violation of R.C. 2923.13.[2]
Strong pled not guilty to the charges. The court appointed attorney Brett Davis as Strong's counsel.
Prior to the pre-trial conference, Mr. Davis moved to withdraw as counsel for Strong due to a conflict that had arisen between them. The trial court granted Mr. Davis' motion and appointed attorney Philip Heald as Strong's counsel. A short time later, the trial court likewise relieved Mr. Heald of further representation of Strong due to differences between the two. The court then appointed attorney Richard Wolfson to represent Strong. Mr. Wolfson requested a continuance to prepare for trial, which the court granted.
During voir dire, both the prosecutor and Mr. Wolfson mentioned that Strong had used an alias in the past. Mr. Wolfson explained that Strong used the alias for a good reason, and asked if Strong's former use of an alias would cause any of the potential jurors to be prejudiced against Strong.
During opening arguments, Mr. Wolfson conceded that Strong had a prior conviction and nonetheless possessed a firearm. The state later introduced a certified copy of Strong's 1985 Florida conviction for arson. Testimony throughout the trial indicated that Strong possessed the shotgun, and that the shotgun was the subject of the dispute between Strong and Tipton.
The state presented several witnesses who were present during the altercation, but did not call the two minors who were in the building, Tipton's son and his son's friend. Mr. Wolfson also chose not to call the young boys as witnesses. Strong did not take the stand in his own defense.
During closing argument, Mr. Wolfson explained to the jury that, although Strong did not testify in his own defense, they had to examine the evidence to determine if Strong believed he was in danger and acted in self-defense.
The jury found Strong guilty of felonious assault and having weapons while under a disability, and the trial court entered conviction and sentence accordingly. Strong appeals, asserting the following assignment of error:
 Appellant was denied his right to effective assistance of counsel.
Additionally, in his pro se brief, Strong asserts the following assignment of error:
 The jury's verdict is against the manifested weight of the evidence and contrary to law in contra of the Fourteenth Amendment's due process and equal protection under law of the United States Constitution, as applicable to Section 10, Article I
of the Ohio Constitution and other constitutional provisions.
 II.
In his first assignment of error, Strong asserts that he did not receive effective assistance of counsel. In State v. Ballew (1996),76 Ohio St.3d 244, 255, the Ohio Supreme Court stated the following:
 Reversal of a conviction or sentence based upon ineffective assistance requires (a) deficient performance, "errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment"; and (b) prejudice, "errors * * * so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland v. Washington (1984), 466 U.S. 668, 687.
As to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland at 689. Furthermore, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id.
The United States Supreme Court has noted that "there can be no such thing as an error-free, perfect trial, and * * * the Constitution does not guarantee such a trial." United States v. Hasting (1983), 461 U.S. 499,508-509.
Strong first asserts that Mr. Wolfson exhibited deficient performance when he spoke to the jury pool about Strong's use of an alias. However, the state first informed the potential jurors of Strong's alias. Moreover, Mr. Wolfson's comments were clearly intended to diffuse any prejudices the potential jurors may have held against a person who had used an alias. Mr. Wolfson attempted to identify and remove any potential juror who could not overcome a prejudice against a person who had used an alias. Therefore, we find that Mr. Wolfson's conduct fell squarely within the range of reasonable professional assistance.
Next, Strong contends that Mr. Wolfson exhibited deficient performance when he conceded during opening statement that Strong should not have owned a firearm. However, as the state notes, Mr. Wolfson knew that the state had a certified copy of Strong's prior conviction that would prevent him from legally owning a firearm under Ohio law, and that the state would easily prove that Strong possessed a firearm. Thus, Mr. Wolfson likely determined that Strong would benefit strategically from not contesting the lesser charge before the jury. Thus, Mr. Wolfson provided Strong with reasonable professional assistance.
Next, Strong contends that Mr. Wolfson performed deficiently when he "minimized" Strong's self-defense argument during his closing statement. However, our review of the record reveals that Mr. Wolfson did not minimize Strong's self-defense argument. Rather, Mr. Wolfson anticipated a concern of the jurors, i.e., that Strong did not testify, and addressed it by explaining that Strong's self-defense argument had merit nonetheless. Thus, we find that Mr. Wolfson's performance in closing arguments was not deficient.
Finally, Strong contends that Mr. Wolfson failed to call two important witnesses and that Mr. Wolfson refused to permit him to testify in his own defense. Strong wanted Mr. Wolfson to call Tipton's minor son and his son's friend. However, we cannot consider an ineffective assistance of counsel argument that relies upon facts not in the record, such as what the witnesses would have testified. See State v. Cooperrider (1983),4 Ohio St.3d 226, 228. There is no indication in the record that these witnesses would have provided anything other than evidence that would have incriminated Strong. Moreover, Mr. Wolfson may well have determined that the jury was likely to feel sympathy for the victim's young son. Thus, Mr. Wolfson likely considered avoiding the son's testimony to be a wise strategic move.
Likewise, the record does not contain any indication that Mr. Wolfson prevented Strong from testifying in his own defense. Presumably, Mr. Wolfson advised Strong not to testify. Given Strong's criminal background, such advice constituted sound trial strategy. Mr. Wolfson prevented the jury from learning about events, including a recent falsification conviction, which would have taken away from Strong's credibility. Under such circumstances, Mr. Wolfson's performance did not fall below the level of reasonable professional assistance.
Finally, with respect to each of the alleged breaches of performance, we note that the evidence against Strong in this case was overwhelming. Therefore, even if Strong had shown that Mr. Wolfson performed deficiently, we would nonetheless affirm the judgment of the trial court because the state's evidence against Strong was so overwhelming that there is no reasonable probability that, but for Mr. Wolfson's actions, the result of the proceeding would have been different. Accordingly, we overrule Strong's first assignment of error.
 III.
Strong filed a pro se brief outlining his second assignment of error. Strong asserts that the jury's verdict is against the manifest weight of the evidence and contrary to law. In support of this contention, Strong presents four issues for our review. First, Strong contends that the trial court should not have permitted the state to introduce evidence of his prior conviction. Next, Strong contends that the record does not accurately reflect the events that occurred at trial, and that the trial court erred in failing to correct errors in the record. Third, Strong asserts that the trial court, or perhaps his trial counsel, erred in failing to present testimony that would have shown that Tipton originally did not want to press criminal charges against Strong. Finally, Strong asserts that he was denied his right to testify in his own defense.
In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial granted. State v. Garrow (1995),103 Ohio App.3d 368, 370-71; State v. Martin (1983), 20 Ohio App.3d 172,175. "A reviewing court will not reverse a conviction where there is substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt." State v. Eskridge (1988), 38 Ohio St.3d 56, paragraph two of the syllabus.
After reviewing the record in this case, we find that the evidence properly admitted against Strong is overwhelming. In particular, the record contains the testimony of several eyewitnesses who observed Strong possess a weapon and assault Tipton. Contrary to Strong's argument, the trial court did not err in permitting the state to introduce evidence of Strong's 1985 conviction for arson in Florida. While Evid.R. 609 does prohibit introduction of a conviction more than ten years old for the purpose of attacking a witnesses' credibility, it does not prohibit the introduction of such evidence to prove an element of the crime charged.State v. Gordon (1971), 28 Ohio St.2d 45, paragraph one of the syllabus. Hence, the record contains substantial evidence of Strong's guilt, and the jury did not lose its way and create a manifest miscarriage of justice.
The remainder of the issues that Strong presents for our review concern evidence or events that are not contained in the record. App.R. 9(A) and 12(A)(1)(b) limit a reviewing court's scope of consideration to "original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *." App.R. 9(A); Sanders v. Webb (1993), 85 Ohio App.3d 674, 678-79. Therefore, we cannot consider alleged omissions and errors in the record, we cannot consider what witnesses might have testified if given the opportunity, and we cannot consider allegations that Strong was prevented from testifying. Each of these issues may be considered properly upon a motion for post conviction relief.
We find that Strong's conviction is not contrary to the manifest weight of the evidence. Accordingly, we overrule his second assignment of error, and we affirm the judgment of the trial court.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty-day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Roger L. Kline, Judge.
Abele, P.J. Harsha, J. Concur in Judgment and Opinion.
[2] The Grand Jury also indicted Strong on one count of falsification, a violation of R.C. 2921.13(A)(1), which the state agreed not to prosecute because the charge had been prosecuted in Lawrence County Municipal Court.