OPINION
{¶ 1} This appeal has been re-opened pursuant to App.R. 26(B). On May 24, 1999, pursuant to a plea agreement, Defendant-Appellant Miguel Lopez pled guilty as charged to conspiracy to aggravated murder, conspiracy to murder, complicity in kidnapping, and complicity in obstructing justice, all with firearm specifications. The State agreed to dismiss three additional charges pending against Lopez. Additionally, Lopez agreed to testify against his co-defendant in exchange for a sentence of thirteen years. However, Lopez later refused to testify against his co-defendant, and moved to withdraw his plea. The trial court denied the motion, and sentenced Lopez to twenty years of imprisonment. We affirmed his convictions, but remanded the case for re-sentencing.State v. Lopez (Oct. 13, 2000), Greene App. No. 99-CA-120.
 {¶ 2} Lopez filed this application to re-open his appeal, presenting six proposed assignments of error. The State filed a memorandum in opposition. We granted the application to re-open, but allowed only the fifth and sixth proposed assignments of error, both of which argued that Lopez's rights had been violated under the Vienna Convention on Consular Relations.
 {¶ 3} Nevertheless, we accepted Lopez's appellate brief, which presented one assignment of error regarding the alleged violation of the Vienna Convention on Consular Relations, and a second assignment of error claiming that the two conspiracy counts in the indictment were fatally defective because they stated no specific overt acts in furtherance of the conspiracy. In its brief, the State relied exclusively on the fact that we had initially disallowed consideration of this proposed assignment of error when we allowed the re-opening of the appeal. We issued a decision finding that we had erred in originally disallowing the second assignment of error, and stating that we would consider it on the merits. Accordingly, we gave the State an opportunity to file a supplemental brief in order to address the merits of Lopez's second assignment of error. To date the State has filed no supplemental brief.
 I {¶ 4} Lopez's first assignment of error is as follows:
 {¶ 5} "The trial court erred when it failed to inform the defendant that he had a right to consult with consular officials from Mexico pursuant to rights guaranteed by the Vienna Convention on Consular Relations (VCCR) because defendant was a Mexican National."
 {¶ 6} In his first assignment of error, Lopez argues that the trial court erred by failing to advise him that, pursuant to the Vienna Convention on Consular Relations, he had the right as a Mexican citizen to consult with Mexican consular officials. Lopez correctly concedes that because this issue was never raised in the trial court, it is subject to a plain error standard of review. Lopez nevertheless insists that the trial court's failure to so advise him rises to the level of plain error. We disagree.
 {¶ 7} "An appellate court need not consider an error that was not called to the attention of the trial court at a time when such error could have been avoided or corrected by the trial court." State v.Gomez-Silva (Dec. 3, 2001), Butler App. No. CA2000-11-230, citing Statev. Gordon (1971), 28 Ohio St.2d 45, 49, 276 N.E.2d 243. Instead, "[s]uch an error is waived absent plain error, and plain error does not exist unless, but for the error, the outcome at trial would have been different." Gomez-Silva, citing State v. Joseph, 73 Ohio St.3d 450, 455,1995-Ohio-288.
 {¶ 8} Article 36 of the Vienna Convention requires a government that arrests, imprisons, or detains a foreign national to inform him of his right to contact his consulate. State v. Loza (Oct. 13, 1997), Butler App. No. CA96-10-214, citing Vienna Convention on Consular Relations, April 24, 1963, TIAS 6820, 21 U.S.T. 77. However, rights under an international treaty, like rights under a federal statute, are not the equivalent of constitutional rights. Loza, supra, citing Boos v. Berry
(1988), 485 U.S. 312, 108 S.Ct. 1157; Reid v. Covert (1957), 354 U.S. 1,17-18, 77 S.Ct. 1222; Waldron v. I.N.S. (C.A. 2, 1993), 17 F.3d 511,518.
 {¶ 9} Furthermore, the United States Supreme Court has left open the issue of whether Article 36 of the Vienna Convention on Consular Relations creates individual rights that are judicially enforceable.State v. Gulertekin (June 8, 2000), Franklin App. No. 99AP-900, citingBreard v. Greene (1998), 523 U.S. 371, 376, 118 S.Ct. 1352; United Statesv. Lombera-Camorlinga (C.A. 9, 2000), 206 F.3d 882, 885. "According to the State Department, `[t]he only remedies for failure of consular notification under the Vienna Convention are diplomatic, political, or exist between states under international law." State v. Rivera-Carrillo
(March 11, 2002), Butler App. No. CA2001-03-054, quoting United Statesv. Bin Laden (S.D.N.Y., 2001), 132 F. Supp.2d 168, 196.
 {¶ 10} For these reasons, even assuming that the Vienna Convention on Consular Relations was not complied with by the trial court in this case, there was no plain error. Accordingly, Lopez's first assignment of error is overruled.
 II {¶ 11} Lopez's second assignment of error is as follows:
 {¶ 12} "The trial court erred when it found the defendant guilty and sentenced him on counts II and IV of the indictment, alleging a conspiracy, when such counts were fatally defective since they state no specific overt acts in furtherance of the alleged conspiracy."
 {¶ 13} In his second assignment of error, Lopez claims that the two conspiracy counts in the indictment were fatally defective because they stated no specific overt acts in furtherance of the conspiracy. For the following reasons, we disagree.
 {¶ 14} "[A] defendant who, prior to pleading guilty, fails to assert that the indictment is defective, waives any error in the indictment." State v. Miller (Oct.2, 1996), Meigs App. No. 95CA10, citingState v. Rogers (March 23, 1994), Adams App. No. 548; State v. Boysel
(Nov. 20, 1981), Pickaway App. No. 80CA12; Crim.R. 12(B)(2); and Crim.R. 12(G). See, also, State v. Culp (1971), 32 Ohio App.2d 39, 288 N.E.2d 308. Just as in the Miller case, Lopez does not allege that he was prevented from voluntarily entering his guilty pleas, or that he did not knowingly, intelligently, and voluntarily enter those pleas. Moreover, a criminal defendant may choose to waive his right to require an indictment by a grand jury. Lopez's guilty pleas to the conspiracy charges served as a waiver of that right in this case.
 {¶ 15} Under different factual circumstances the outcome of this case might have been different. In footnote 3, for example, the Miller
Court points out that a no-contest plea would not have resulted in a waiver of the issue. For the same reasons, State v. Childs,88 Ohio St.3d 194, 2000-Ohio-298, is clearly distinguishable from the instant case in that Childs did not enter a guilty plea, but instead proceeded to trial. Thus, but for Lopez's waiver as the result of his guilty pleas, he may have had a viable argument under Childs, supra.
 {¶ 16} Lopez's second assignment of error is overruled.
 III {¶ 17} Both of Lopez's assignments of error having been overruled, the judgment of the trial court is affirmed.
WOLFF and YOUNG, JJ., concur.