OPINION
{¶ 1} Appellant, William Sheridan, appeals the June 11, 2002 judgment entry from the Willoughby Municipal Court, in which he was found guilty of violating various zoning requirements and fined $2,750.
 {¶ 2} On January 2, 2002, appellant was charged with four counts of permitting a vehicle with expired temporary tags to be stored, in violation of Willoughby Hills Codified Ordinance § 521.10; four counts of open storage of dilapidated automobile parts, furniture and appliances, in violation of Willoughby Hills Codified Ordinance §1337.02; and four counts of operating a commercial roofing business which is not a permitted use in B Commercial zoned property, in violation of Willoughby Hills Codified Ordinance § 1145.01. A bench trial took place on May 29, 2002. The four counts of expired temporary tags were dismissed upon motion by the prosecutor because appellant had complied with the city's request. However, appellant was found guilty of the other counts.
 {¶ 3} At the trial, the evidence revealed that appellant had been renting 34101 Chardon Road in Willoughby Hills, Ohio ("the property") since 1995. He contended that he had operated a retail roofing business on the property and that he stored plywood, which was used in his business. He stated that at times he stocked materials on the property. Appellant also revealed that he had had half a dozen customers come to the property.
 {¶ 4} Michael Gerl ("Gerl"), the zoning inspector and tax administrator for the city of Willoughby Hills, took the stand and related that he took photographs of the property on December 18, 2001, which were submitted into evidence. According to Gerl, the roofing materials were evident from the pictures. Gerl researched whether appellant had obtained a vendor's license for the property for the month of December 2001, and whether there was any sales tax being paid. However, his research showed that no license or sales tax had been paid. Gerl explained that the "[v]endor's license is for a retail operation and it's a type of activity where you'll be collecting sales tax for retail services."
 {¶ 5} In a June 11, 2002 judgment entry, the trial court found appellant guilty of violating Willoughby Hills Codified Ordinances § 521.10 and § 1145.01. Appellant timely filed the instant appeal and now assigns the following as error:
 {¶ 6} "[1.] The language of the city of Willoughby Hills Ordinance Chapter 1145.01 is vague and deprives appellant of due process of law.
 {¶ 7} "[2.] The city of Willoughby Hills Ordinance Chapter 1145.01 unconstitutionally deprives appellant of due process and the equal protection of the law.
 {¶ 8} "[3.] The trial court erred in not reviewing the actual city of Willoughby Hills Zoning Ordinance and comparing it with [appellant's] use of property.
 {¶ 9} "[4.] The trial court erred in its interpretation of the city of Willoughby Hills Zoning Code Chapter 1145.01(b), in that it allowed for selective enforcement by not permitting [appellant] to temporarily store merchandise prior to sale, as like situated business[es] do.
 {¶ 10} "[5.] The court erred in the decision as said decision was unconstitutional, illegal, arbitrary, capricious, unreasonable and unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.
 {¶ 11} "[6.] The trial court's decision was clearly erroneous as the judgment was overly broad."
 {¶ 12} As appellant's first and second assignments of error are interrelated, they will be addressed in a consolidated manner. In both assignments of error, appellant argues that the city of Willoughby Hills Zoning Ordinance contained in Chapter 1145.01 is vague and deprives appellant of due process and equal protection of the law.
 {¶ 13} We note that neither of these constitutional issues was raised at trial, and they are asserted for the first time in this appeal. Pursuant to State v. Awan (1986), 22 Ohio St.3d 120, syllabus, the "[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue * * * and therefore need not be heard for the first time on appeal." See, also, State v. Gordon (1971), 28 Ohio St.2d 45, paragraph two of the syllabus. We note that the waiver doctrine stated in Awan is discretionary. In re M.D. (1988), 38 Ohio St.3d 149, syllabus. However, even though this court has the jurisdiction to review the alleged denial of constitutional rights that were not raised at the trial level, this discretion will not ordinarily be exercised to examine a claim that existed prior to or at the time of trial. State v. Schlee (Dec. 17, 1999), 11th Dist. No. 98-L-187, 1999 Ohio App. LEXIS 6136, at 27. Hence, we decline to exercise our discretion to consider these constitutional issues for the first time on appeal. Appellant's first and second assignments of error are overruled.
 {¶ 14} For the third assignment of error, appellant alleges that the trial court erred in not reviewing the ordinance and comparing it with his use of the property. The record in the instant matter indicated that the trial court had the ordinance before it. In fact, at the trial, the trial judge stated that:
 {¶ 15} "I'll tell you very frankly, based on what I'm hearing, and I'll give you an opportunity to respond to my comments. It appears that [appellant] is a typical roofer. He does some storing of items on his property, he sells some items off his property, but he also loads up the trucks and goes off and does a job on this property. I've never considered that in my mind to be a retail store or something like that because as a supplement to his property he allows that to occur. I would be happy to give you some time to brief to me that situation if you want, counsel." (Emphasis added.)
 {¶ 16} In his brief, appellant claimed that the trial court "simply assumes that all roofing products are kept on the property and hauled to the job site." However, from the statement above, it does not appear that the trial court assumed anything like that. The trial court also gave appellant the chance to make a legal argument after the trial was completed. In his brief to the court, appellant could have directed the court's attention to the specific provisions of the ordinance. Thus, appellant's third assignment of error lacks merit.
 {¶ 17} For the fourth assignment of error, appellant asserts that the trial court erred in its interpretation of Willoughby Hills Zoning Ordinance § 1145.01(b) because it allowed for selective enforcement by not permitting him to temporarily store merchandise prior to sale like similarly situated businesses do.
 {¶ 18} "`To support a defense of selective or discriminatory prosecution, a defendant bears the heavy burden of establishing, at least prima facie, (1) that, while others similarly situated have not generally been proceeded against because of conduct of the type forming the basis of the charge against him, he has been singled out for prosecution, and (2) that the government's discriminatory selection of him for prosecution has been invidious or in bad faith, i.e., based upon such impermissible considerations as race, religion, or the desire to prevent his exercise of constitutional rights.'" State v. Flynt (1980), 63 Ohio St.2d 132,134, quoting United States v. Berrios (C.A. 2, 1974), 501 F.2d 1207,1211.
 {¶ 19} In the case at bar, appellant argues that Gale's Garden Center is in a similarly situated business. However, the testimony at the trial revealed that Gale's Garden Center, which is located down the street from appellant's operation, is a retail store that sells garden supplies, such as nursery stock, peat moss, and stone. By contrast, nothing in the record demonstrates that appellant is operating a retail store. Therefore, the first prong of the Flynt test is not met.
 {¶ 20} We also note that a claim of selective prosecution invokes a due process inquiry, and as already mentioned, a defendant can only meet his burden of demonstrating that his constitutional rights were violated by showing that the government's discriminatory selection of him for prosecution has been invidious or in bad faith. State v. Lawson (1992),64 Ohio St.3d 336, 346. Appellant's brief contains no such allegations of bad faith. The record fails to establish a claim of selective prosecution. Not only did appellant fail to introduce any evidence that he was prosecuted based on an impermissible classification, he also failed to prove that he was singled out for prosecution.
 {¶ 21} Furthermore, this constitutional argument was raised for the first time on appeal, when it could have been raised at the time of trial. Consequently, pursuant to Awan, the issue is also waived. Appellant's fourth assignment of error has no merit even though we have given it substantive treatment.
 {¶ 22} Under his fifth assignment of error, appellant contends that the trial court's decision was unconstitutional, illegal, arbitrary, capricious, unreasonable and unsupported by the preponderance of the substantial, reliable, and probative evidence on the whole record.
 {¶ 23} We note that the foregoing language comes directly from R.C. 2506.04, which applies to administrative appeals. Further, in support of this contention, appellant relies on Smith v. Granville Twp.Bd. of Trustees (1998), 81 Ohio St.3d 608, which is an administrative appeal case. This matter involves the prosecution of appellant for violating a city's zoning code. Therefore, appellant's citations are incorrect.
 {¶ 24} Nonetheless, we will briefly discuss the merits of appellant's contentions. Based on the brief, appellant seems to be making a manifest weight argument.
 {¶ 25} In reviewing a manifest weight of the evidence claim, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.State v. Thompkins (1997), 78 Ohio St.3d 380, 387. The weight to be given evidence, and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus.
 {¶ 26} Here, the testimony from Gerl supported the finding that appellant violated § 1145.01(b) of the city of Willoughby Hills Ordinance. Further, the pictures taken by Gerl were admitted into evidence and demonstrated that appellant was not engaged in a permitted use. Thus, we conclude that the trial court's decision was supported by the manifest weight of the evidence. Appellant's fifth assignment of error is without merit.
 {¶ 27} In his sixth assignment of error, appellant maintains that the trial court's decision was erroneous because the judgment was overly broad. This argument is nonsensical. Appellant was convicted of violating § 1145.01(b) after Gerl testified and pictures were admitted into evidence. Therefore, we do not believe the trial court's judgment was overly broad because it stated that appellant was found guilty on all counts and it imposed sanctions. Appellant's sixth assignment of error is meritless.
 {¶ 28} For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Willoughby Municipal Court is affirmed.
Judgment affirmed.
William M. O'Neill and Cynthia Westcott Rice, JJ., concur.